## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

ELAM v. COMMERCIAL BANK.

MAY 2d, 1889.

Absent, Richardson, J.

1. PRACTICE AT COMMON LAW—*Declaration—Demurrer.*—Demurrer to declaration on official bond will not lie where the books and papers are destroyed, and other information is in the possession of the adverse party, and the breaches are as specific as practicable under the circumstances.

2. IDEM—*Statute of limitations.*—When in such action there has been a misapplication of funds equal to penalty of the bond within the period of limitation on actions in such cases, it is not error to hold that the statute is inapplicable.

3. IDEM—*Pleas equivalent.*—Where plea of "conditions performed" is already in, it is not error to reject its equivalent, "*non damnificatus.*"

4. OFFICIAL BOND—*Continuing obligation—Case at bar.*—Under Code 1873, p. 558, sec. 61 and sec. 16, and p. 569, sec. 3, the bond here, having in its terms no limit as to duration, is broad enough to cover a continuing liability.

5. JURORS—*Misconduct—Impeachment of verdict.*—It is established doctrine that jurors are inadmissible to impeach their verdict.

Error to judgment of circuit court of Nansemond county, rendered July 18, 1887, in an action at law wherein the Commercial Bank of Suffolk (for the benefit of Sydney T. Ellis, trustee,) was plaintiff, and Thomas G. Elam, A. S. Darden and J. P. Webb were defendants. The verdict and judgment were for the plaintiff for $5,000, with interest from April 18, 1887, till paid. The defendants brought the case here on writ of error and *supersedeas.* Opinion states the case.

*J. H. Wright* and *John Lyon,* for the plaintiff in error.

*R. R. Prentiss* and *Ellis & Kerr,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action to recover the penalty of a bond given to secure the faithful performance by a cashier of a bank of discount and deposit of the duties of his office.

The Commercial Bank of Suffolk was chartered by the judge of the circuit court of Nansemond county on the third day of January, 1873, with John R. Kilby as president and Theodore S. Garnett, Jr., as cashier.

On the 17th day of April, 1873, the said Garnett having resigned the position, Thomas G. Elam was elected by the board of directors cashier of said bank, and on the 10th day of July, 1873, he executed the bond upon which this suit is now brought, with Algernon S. Darden and Joseph P. Webb as his sureties.

From the date of the execution and delivery of this bond until the suspension of the bank, on the 1st day of August, 1885, he continued to hold the office of cashier, being annually re-elected, although he gave no new bond. During all this period his sureties were directors.

On the 1st day of August, as we have said, the bank closed its doors, and on the 4th day of August, 1885, made an assignment of its assets to Sidney T. Ellis, trustee, for the benefit of its creditors.

An examination of the books and assets of the bank was immediately had by an expert book-keeper, when it was discovered that there was a deficiency in the assets of the bank, unaccounted for by the cashier, amounting to nearly $24,000, and that besides the failure of the cashier to account for this large sum, he had bought forty-five shares of the capital stock of the bank, amounting in value to at least $5,000, in his own

name and for his own benefit, with money belonging to the bank. And thereupon this action was instituted.

Upon the trial, the jury were satisfied by the testimony, as we have been by the evidence in the record, that there had been a misapplication of more than five thousand dollars of the assets of the bank within less than ten years prior to the filing of the declaration in the case, and they therefore found a verdict for $5,000, that being the penalty of the bond. The proof of these facts shows that the court did not err in refusing to set aside the verdict as contrary to the evidence, or in refusing to allow the defendants to plead the statute of limitations; for if the misapplication of an amount equal to the penalty of bond occurred within less than ten years next preceding the institution of the suit, it is a matter of no consequence whether the statutory period of limitation, applicable in cases of this character, be ten or twenty years.

The judgment, however, is assailed upon other grounds, which we shall now proceed to notice.

And first it is argued, that the demurrer to the declaration should have been sustained. But in this suggestion we cannot concur; for, in our judgment, the breaches are not only as specific as was possible in a case where most of the books and papers which could shed light upon the transactions under investigation had been destroyed, but whatever information existed outside of these sources was in possession of the adverse party. In *Allison* v. *Bank*, 6 Rand., 504, the demurrer to a declaration in debt upon the bond of an accountant was overruled, although the declaration did not state in a single instance the time or place, names or sums, of the money which had been misappropriated. In cases of this character, where the evidence must of necessity be general, and an attempt to state the breaches of the condition with exactness of detail will lead to great prolixity of pleading, some generality of statement, in the interest of justice, must be permitted. 3 Rob. Pr., 593; 4 Minor's Inst., 584, 988.

The next objection is, that the court erred in refusing to allow the defendants to file the plea of *non damnificatus.* But this objection is also untenable; for, as the authorities all state, the plea of *non damnificatus* is usually equivalent to *conditions performed;* therefore the plea of *conditions performed* having been previously pleaded in the case, the defendants could not be prejudiced by the refusal of the court to allow them to file its equivalent. 4 Minor's Inst., 1004, 988; *Archer* v. *Archer,* 8 Gratt., 539; *McClure* v. *Erwin,* 3 Cow. R., 332.

It is further urged, however, on behalf of the plaintiffs in error, that the bond in this case was an annual, and not a continuing, bond, and does not cover the breaches of condition charged in the declaration. To this we are also unable to assent. The bond, in its terms, has no limit as to duration, and is certainly broad enough to cover a continuing liability, and if it falls, as we think it does, within the purview of sec. 16, ch. 57, and sec. 3 of ch. 59 of the Code of 1873, it is clearly a continuing obligation, for the cashiers referred to in those chapters hold during the pleasure of there respective boards. But it is insisted that this being a charter granted by a judge of the circuit court, and not by the general assembly, that the office and bond of Elam terminated with the end of the first year from the date of the incorporation. Is this so? The bond, as we have said, is broad enough to cover a continuing liability. There are no negative words in section 61, p. 558, Code 1873, which says: " The officers and directors after the first year shall be such as may be prescribed by the by-laws, and shall be appointed or removed as said by-laws may provide." And it seems patent, unless we are to charge these sureties, who were also directors, with a gross violation of duty in not demanding a new bond, that they must have construed the bond as continuing. Under these circumstances, there being no proof upon which the jury placed any reliance that there was any by-law changing the office of cashier from a continuing to an annual office, we think the bond must be con-

strued to be a continuing obligation; for, says Judge Shaw, in a case somewhat similar to this, the election of a cashier to an office which he already holds, and would hold without election, must be regarded as a manifestation of their will and intent that he should hold for another year. *Amherst Bank* v. *Root*, 2 Metc., 539; Menefee on Official Bonds, sec. 632; Thompson's Liability of Officers and Agents of Corporations, sec. 9, p. 513; *Exeter Bank* v. *Rogers*, 7 N. H., 31; *Dedham Bank* v. *Chickering*, 3 Pick., 335.

As to the objection that there was misconduct on the part of the jury, we think there is nothing in it. "In general," says Mr. Minor, "it has come to be the established doctrine that jurors are inadmissible for the purpose of impeaching their verdict." And upon a careful examination of all that has been alleged against certain members of the jury, we can perceive nothing which should take this case without the operation of the general rule. *Wynne* v. *Newman*, 75 Va., 815; *Whitehurst* v. *Commonwealth*, 79 Va., 561; *Thompson's Case*, 8 Gratt., 650; *Moses* v. *Cromwell*, 78 Va., 675; 4 Min., p. 761.

For these reasons the judgment of the circuit court is right, and must be affirmed.

JUDGMENT AFFIRMED.