THE MERCHANTS BANK OF ELLIS v. H. R. HONEY et al.

**No. 9751.**

CASHIER'S BOND — *given under* ¶ *1419, Gen. Stat. 1889, no limit as to time, sureties liable for default any time while cashier continues to act under original appointment.* Where a person appointed cashier of a bank by the board of directors, under paragraph 1419 of the General Statutes of 1889, gave a bond conditioned for the faithful performance of his duties, without any limitation as to time, and where there is no showing that his appointment was for a limited period or that he was ever reappointed, *held*, that the mere fact that the directors from whom he received his appointment held their offices for one year only, does not limit the liability of the surety on the bond to one year, but he is liable for any default occurring under the appointment, whether before or after the expiration of a year.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed November 6, 1897 *Reversed.*

*Kennett & Peck,* for plaintiff in error.

*Ellis, Reed, Cook & Ellis,* for defendants in error.

ALLEN, J. This was an action brought by the plaintiff in error on a bond, executed by H. R. Honey, as principal, and W. M. Wilcox, as surety, of which the following is a copy :

"We, the undersigned, do hereby acknowledge ourselves indebted unto the State of Kansas for the use of the Merchants Bank of Ellis, Kansas, in the sum of ten thousand dollars. The conditions of the above obligation are such that, if H. R. Honey, who has been duly elected cashier of said bank, shall well and faithfully perform all his duties as such cashier, render full account, and pay over all moneys and securities that shall come into his hands as such cashier, then this obligation shall be null and void ; otherwise of full force and virtue in law.

"Witness our hands this fourteenth day of December, 1885.　　　　　　　　　H. R. HONEY.

W. M. WILCOX."

The amended petition alleges the execution of the bond and assigns, as separate causes of action, thirty-one different breaches of the conditions of the bond. All these breaches except the fifth are alleged to have occurred more than one year after the execution of the bond. A demurrer to the petition was filed and overruled. Thereafter separate answers were filed by the defendants to which the plaintiff replied. The cause came on for trial and the plaintiff proceeded to introduce its evidence. The defendants objected to the introduction of any evidence except under the fifth count, for the reason that the petition did not state any other cause of action. This objection was sustained by the court. The plaintiff then dismissed its fifth cause of action, and renewed its offer of testimony in support of the others. The objection was

again made, and again sustained by the court; and judgment was thereupon rendered in favor of the defendants for costs. The plaintiff brings the cause here and alleges error in this ruling of the court.

The main question presented is, whether the surety on the bond became liable under it for a breach of its conditions occurring more than one year after its date. The contention on behalf of the defendants is, that a bank cashier, under the law in force at the time the bond was executed, had a fixed term of office, limited to the period of one year. Section 129, chapter 23, General Statutes of 1868, as amended by chapter 66, Laws of 1871, was then in force and reads as follows:

"The affairs and business of any such association shall be managed and controlled by a board of directors, not less than five nor more than nine in number, from whom there shall be designated, by themselves, a president, and a secretary, who shall hold their office for one year and until their successors are elected and duly qualified. Said board of directors shall designate who shall act as cashier; and said board of directors may appoint and remove such cashier." Gen. Stat. 1889, ¶ 1419.

The argument is, that the term of office of the board of directors is limited to one year, and that this limitation extends to the term of the cashier who was appointed by them. The case of *Life Association v. Lemke* (40 Kan. 661) is cited in suppport of the proposition that the liability of sureties on an official bond does not extend beyond the official year for which it was given or the term of the officer who gave it. Many other cases from this and other states are cited, to the effect that the obligation of a surety is always strictly construed in his favor, and that, where an official bond is given, the obligation of the sureties terminates at the expiration of the term of office to which the principal was elected or appointed. These

authorities hardly reach the question involved in this case. Under the statute cited, a cashier has no fixed term of office. He holds his position at the pleasure of the board of directors. The board making the appointment has as full power to remove him at any time during the first year as the succeeding board has thereafter. It does not appear in this case that any new appointment was ever made. There is nothing in the language of the bond restricting the liability of the surety to any definite term. The language is general, for the faithful performance of Honey's duties as cashier. In Murfree on Official Bonds, section 632, the rule applicable to this case is stated thus:

"If an officer is appointed to hold during the pleasure of the board of directors of a corporation, and those directors are annual officers, it does not follow that he is an annual officer also. He continues to hold under and during the pleasure of the directors succeeding those who appointed him and under their successors also. His office being thus a continuing office terminating only by his removal, his bond is a continuing bond and the liability of his sureties lasts as long as he is in office."

This statement of the law is amply supported by adjudicated cases. *Union Bank v. Ridgley*, 1 H. & G. (Md.) 431; *Amherst Bank v. Root*, 2 Metc. 522; *Sparks v. Farmers Bank*, 3 Del. Ch. 274; *Commonwealth v. Reading's Savings Bank*, 129 Mass. 73; *Elam v. Commercial Bank*, 86 Va. 92, 9 S. E. Rep. 498; *Exeter Bank v. Rogers*, 7 N. H. 21; Thompson on Liabilities of Officers and Agents of Corporations, 513. Some of the cases go much farther than is necessary in sustaining a liability in this case. By citing them, we do not wish to be understood as approving the conclusions reached in all the cases. We merely follow and apply the rule that, where a bond is general in form

and contains no limit of time as to the liability created, and is given to secure the faithful performance of the duties of an officer having no fixed term, the mere fact that the board appointing him holds for one year only, will not limit the liability of the sureties to a year.

The other objections to the sufficiency of the petition do not require extended mention. The allegations in many, if not all the counts, are ample to show a breach of a condition of the bond.

The judgment is reversed, and the cause remanded for further proceedings.