**Richmond.**

GUARANTEE COMPANY OF NORTH AMERICA v. FIRST NATIONAL BANK OF LYNCHBURG, VA.

JANUARY 20, 1898.

Absent, Cardwell, J.

1. REMOVAL OF CAUSES—*Diversity of Citizenship—Aliens.*—Where the right of removal of a case from a State court to a Federal court is based on the ground of diversity of citizenship, it is essential that the parties on each side shall be citizens of different States, and the petition for removal, unless the case presents a separable controversy, must be by all on that side. An alien, however, sued with a citizen in a court of the latter's State, even where the controversy is separable, has no right of removal.

2. RESIDENCE—*Status of Convict in Penitentiary—Citizenship.*—The residence of a citizen of this State is not changed by reason of his conviction and confinement in the penitentiary of another State. Residence is a matter of intention and is determined by every man for himself. The penitentiary is not a place of residence, but of confinement as a punishment for crime. Compulsory confinement in the penitentiary cannot change the residence of the convict. Moreover, mere residence does not constitute citizenship.

3. CONVICTS IN FOREIGN PENITENTIARY MAY BE SUED.—At common law a person convicted of felony, though disabled from suing, did not possess immunity from suit. And so, a citizen of Virginia serving a term of penal servitude in the penitentiary of another State, under a judgment of a Federal court in this State, may be sued in the courts of this State.

4. CORPORATIONS—*Residence—Removal of Cause to Federal Court—What Petition Must Show.*—A foreign corporation, for the purpose of suit, may become a resident of each State in which it does business under the laws thereof. And, when sued with another in a State court if it presents a petition for removal of the case to a Federal court, the petition must show that it is not a resident of the State in which the suit is brought, and must state the residence of its co-defendant. A petition which simply avers that the petitioner is

an alien corporation, and that its co-defendant is a resident of another State, but does not state his citizenship, is defective on its face.

5. PLEADING—*Plea to Jurisdiction—What it Must Show, and How Conclude.*—A plea to the jurisdiction of a court in a transitory action which fails to state that the cause of action did not arise within the jurisdiction of the court, or where it did arise, and which fails to give the plaintiff a better writ by showing what court of the State has jurisdiction of the cause, and which omits the prayer of judgment, is bad. As a general rule such plea must show a more proper and sufficient jurisdiction in some other court of the State or country wherein the action is brought.

6. PLEADING—*Plea in Abatement—Duplicity.*—A plea in abatement which sets up two or more distinct and sufficient defences, either of which, if true, would necessitate a finding in favor of the defendant tendering the plea, is bad for duplicity.

7. PLEADING—*Declaration—Exception for Want of Jurisdiction—Abatement.*—Where a declaration shows on its face proper matter for the jurisdiction of the court, no exception for want of jurisdiction can be taken except by plea in abatement.

8. ATTACHMENTS—*Return—What Need Not be Stated.*—A sheriff has no power to execute an attachment outside of his bailiwick. Hence, if the return is regular on its face, it will be presumed, in the absence of evidence to the contrary, that the attachment was legally executed, and the return need not show that it was executed in his bailiwick.

9. PLEADING—*Declaration—Amendment.*—It is not error to allow a declaration to be amended after a demurrer thereto has been sustained, where the declaration stated a good cause of action, though the statement was defective with regard to the matters in which it was amended.

10. PLEADING—*Declaration—What Sufficient.*—A declaration which sets out the plaintiff's cause of action with sufficient fullness and clearness to apprise the defendant of the grounds of the plaintiff's claim, and to enable the defendant to plead to the action, is sufficient.

11. PLEADING—*Several Pleas Presenting Same Defence.*—It is not error to exclude a plea which presents a defence which may be made under a plea already admitted. The multiplication of pleas tends to embarrass and confuse the jury, and is not favored by the courts.

12. PLEADING—*False Representations—Scienter.*—In an action at law on a bond, a plea which sets out that the defendant was induced to execute the bond by reason of certain representations of existing facts, presumably within the peculiar knowledge of the plaintiff, and upon which the defendant had a right to rely, and did rely, that these representations were material and were untrue, presents

a good defence to the action. It is immaterial whether the plaintiff knew them to be false, or honestly believed them to be true.

13. EVIDENCE—*When Hypothetical Questions Excluded.*—It is not error to refuse to allow hypothetical questions to be put to a witness concerning a matter not calling for expert testimony, and about which men in general are competent to form intelligent and correct opinions. The jury can draw their own conclusions from the evidence unaffected by the opinions of others.

Error to a judgment of the Circuit Court of the city of Lynchburg, rendered January 25, 1896, in an action of debt, wherein the defendant in error was the plaintiff, and the plaintiff in error and Walker G. Hamner were the defendants.

*Reversed.*

The opinion states the case.

*Caskie & Coleman* and *John L. Lee,* for the plaintiff in error.

*Blackford, Horsley & Blackford* and *John H. Lewis,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

The first assignment of error relates to the refusal of the court below to remove the case to the Circuit Court of the United States for the Western District of Virginia.

The suit was instituted by the First National Bank of Lynchburg, on the official bond of Walker G. Hamner, its teller, and the Guarantee Company of North America, his surety, to recover the amount of his defalcation to the bank.

The plaintiff is a citizen and resident of the State of Virginia. Hamner was also a citizen and resident of the said State, but, at the time of the institution of the suit, he was serving a penal term of seven years in the United States penitentiary at the city of Brooklyn, in the State of New York; and the Guarantee Company was and is a foreign corporation, chartered by and existing

under the laws of the Dominion of Canada, being a citizen and subject thereof, and having its chief office and place of business in the city of Montreal, in that country.

The petition for the removal of the case was presented by the Guarantee Company *alone*, and alleged that the petitioner was a citizen and subject of the Dominion of Canada, and that its co-defendant, Hamner, was a *resident* of the State of New York.

It is essential to the right of removal of a case from a State court to a Federal court that the parties on each side shall be citizens of different States; and the petition for removal, unless the case presents a separable controversy, must be by all the defendants. *Fletcher* v. *Hamlet,* 116 U. S. 408. An *alien,* however, sued with a citizen in a court of the latter's State, even where the controversy is separable, cannot remove the case to a Federal court on his sole petition. *King* v. *Cornell,* 106 U. S. 395.

For the petition of removal to prevail in the case at bar, Hamner must have been a citizen of some other State than Virginia, and have united with the Guarantee Company in asking for the removal. But being a citizen of Virginia, of the same State with the plaintiff, and sued along with the Guarantee Company in a court of the said State, it is very clear that the case was not one for removal under the Constitution and laws of the United States, to a Federal court, unless the fact that Hamner was serving a term in the penitentiary in the State of New York made an exception to the law on the subject. Did this fact give the alien corporation the right to remove the case upon its sole petition?

It was contended that, because Hamner was serving a penal term in the penitentiary in the State of New York, it followed that he was a *resident* of that State, and not of Virginia, the State of which the plaintiff was a citizen, and that, therefore, the plaintiff in error had the right to remove the case. This position is untenable.. The penitentiary is not a place of residence, but of confinement as a punishment for the commission of crime.

Moreover, residence is a matter of intention, and is determined by every man for himself. The residence of Hamner, at the time of his conviction, was in Lynchburg, and his family have continued to reside there. His compulsory removal to the penitentiary of another State could not operate to change his place of residence. That could only be effected by his voluntary act, and not involuntarily by the strong arm of the law as a punishment for a felony of which he had been convicted. But even if this had made Hamner a *resident* of the State of New York, which was not the case, still the right to remove the suit would not have existed unless it also made him a *citizen* as well as a *resident*, the right of removal being made to depend, not on *residence*, but *citizenship*; and the petition of the Guarantee Company would not then have presented a case for removal, unless Hamner had united in it. Hamner, however, was a citizen of Virginia when convicted, and his citizenship was not changed by reason of his conviction and confinement in a penitentiary in another State.

It was also earnestly and ably argued by the learned counsel for the plaintiff in error that Hamner, by reason of his conviction and servitude in the penitentiary, was *civiliter mortuus*, and could not be sued, and that there was therefore but one real defendant, the Guarantee Company, which fact entitled it to remove the case on its sole petition.

It is provided by statute that when a person, other than a married woman having no separate estate, is sentenced to confinement in the penitentiary of the State by a court thereof for more than one year, a committee of his estate may be appointed, who shall have charge thereof until the convict is discharged, and who may sue and be sued in respect to debts due to or by such convict. Code of Va., secs. 4115, 4116. It was contended by counsel for the defendant in error that, as Hamner was not confined in the penitentiary of this State under sentence by a court thereof, the provisions of the statute were not applicable to him, but that his liability to suit depended upon the principles

of the common law; and this seemed to be conceded by the counsel for the plaintiff in error.

At common law a person convicted of a felony did not possess immunity from suit. He himself was disabled from suing, but not from being sued. *Banyster* v. *Trussel*, Cro. Eliz. 516; *Ramsden* v. *McDonald*, 1 Wils. 217; *Platner* v. *Sherwood*, 6 Johns. Ch. 118. Hamner was therefore liable to be sued.

The case at bar was a suit upon the official bond of Hamner, as the teller of the bank. The bond is a joint and several obligation, in which Hamner is principal, and the Guarantee Company is his surety. The plaintiff, as it had the right to do, chose to sue them jointly on the bond, on a single cause of action. It could not be questioned that Hamner, if it were not for his conviction and confinement in the penitentiary, was eminently a proper party to the suit. But at common law, though convicted of felony, he was still liable to suit. Being therefore a proper defendant to the suit of the plaintiff, and a citizen of the same State with it, the case was not one which could be removed to the Federal court.

The petition for removal is also defective on its face in several particulars. It failed to set forth the citizenship of Hamner. It merely alleged that he was a *resident* of New York. This was not sufficient. It was necessary to set forth that he was a *citizen* of the State of New York, or of what State he was a citizen. *Grace* v. *Insurance Co.*, 109 U. S. 278; *Hanrick* v. *Hanrick*, 153 U. S. 192; and *Neal* v. *Pennsylvania Co.*, 157 U. S. 153. And, while it alleged that the Guarantee Company was a citizen and subject of the Dominion of Canada, it omitted to allege also that it was not a resident of the State of Virginia. A foreign corporation, for the purposes of suit, may become a resident of each State in which it does business under the laws thereof. The petitioner being an alien corporation, it should have been alleged in the petition that it was not a resident of the State of Virginia. *Walker* v. *O'Neill*, 38 Fed. 374, and *Hirschl* v. *Case Threshing Co.*, 42 Fed. 803.

There were material and necessary allegations in a petition for the removal of a case pending in a State court to a Federal court, and, being omitted, the petition did not present a case for re-moval. The State court is not bound to surrender its jurisdiction, unless the petition shows on its face that the petitioner has the right to have the case removed. *Stone* v. *South Carolina,* 117 U. S. 430.

We are of opinion that the court did not err in refusing to remove the case at bar to the Circuit Court of the United States for the Western District of Virginia.

Plea No. 1 was a plea to the jurisdiction of the court. The plea is bad, and was properly stricken out by the court.

It has not the proper conclusion of a dilatory plea, in that it omits the prayer for judgment. 1 Chit. Pl. 451; 4 Minor Inst. 626, 1022; and 5 Rob. Prac. 23. It fails to state that the cause of action did not arise in Lynchburg; nor does it state where it did arise. 5 Rob. Prac. 23; *Middleton* v. *Pinnell,* 2 Gratt, 202; and *Raine* v. *Rice,* 2 P. & H. 529. It fails to give the plaintiff a better writ by showing what court of the State has jurisdiction of the cause of action. 5 Rob. Prac. 23; and *Hortons* v. *Townes,* 6 Leigh, 58. There are other objections to this plea, but those noted are sufficient to sustain the action of the court in striking it out. Dilatory pleas are not regarded with favor, and, in order to discourage their use, are required to be drawn with the greatest accuracy and precision. 1 Chit. on Pl. 445; 4 Minor Inst. 1036; and *Hortons* v. *Townes,* 6 Leigh, 58.

Plea No. 2 was also a plea to the jurisdiction. Like plea No. 1, it omits the prayer for judgment. It also fails to state that the cause of action did not arise in the city of Lynchburg, or to state where it did arise, or to show what court of the State has jurisdiction of the cause of action. As a general rule, a plea to the jurisdiction of a court in a transitory action must show a more proper and sufficient jurisdiction. It must show that some other court of the State or country wherein the action is brought has jurisdiction of the cause. 5 Rob. Prac. 21. The plea fails

in every respect to give the plaintiff a better writ, and the court did not err in striking it out.

Plea No. 3 was a plea in abatement of the writ.

It first sets forth the writ that was directed to the sergeant of the city of Lynchburg, and the return thereon, which shows that it was executed on Hamner by delivering a true copy to his son, who was a member of his family, and above the age of sixteen years, at the usual place of abode of Hamner, in the city of Lynchburg.

It next sets forth the writ that was directed to the sheriff of the city of Richmond, and the several returns thereon, from which it appears that it was executed on the Guarantee Company of North America, by delivering a true copy to J. B. Moore & Co., its agents in the city of Richmond, and also by delivering a true copy to Morton Marye, Auditor of Public Accounts of the State of Virginia, in the said city, and also by delivering a true copy to W. H. Pleasants, in the said city, he having been appointed agent by the company by a written power of attorney on October 14, 1887, upon whom process against it might be served. The plea then avers that neither Moore & Co., nor Pleasants, nor either of them, were agents of the company at the date of the service of the process on them, or at any time since the institution of the suit, and also that the bond on which the suit was brought was executed prior to the passage of the Act of Assembly of March 5, 1894 (Acts 1893-94, p. 758).

The plea then further avers that Hamner, at the time of the institution of the suit, and from thence hitherto, was a convict, residing and serving a penal term in the United States penitentiary in Brooklyn, in the State of New York.

The Guarantee Company being a foreign corporation, the Circuit Court of the city of Lynchburg could acquire jurisdiction of the suit against it only in some one of three ways: By the cause of action, or some part thereof, having arisen in the said city (sec. 3215 of the Code); by being sued with another who was a resident thereof (sec. 3214, par. 1); or by having estate or debts owing to it within said city (sec. 3214, par. 4).

If the foundation of the jurisdiction of the court had been that the cause of action, or some part thereof, arose in Lynchburg, the process against it could not have been directed to an officer of any other corporation or of any county, but only to an officer of the said city, and the issue of process to the sheriff of the city of Richmond and its service by him would have been void.   Code, sec. 3220, and *Warren* v. *Saunders,* 27 Gratt. 268.

The foundation of the jurisdiction of the court in this case was not that the cause of action or some part thereof arose in the city of Lynchburg, but that Hamner, one of the defendants, resided therein.   If, however, it was shown that Hamner was not a resident of the city, then the court was without jurisdiction of the suit, and the issue of the process to the sheriff of the city of Richmond was illegal and void, and the service of it by him would be futile.

And, although it should be shown that Hamner was a resident of Lynchburg, yet if it were proved that neither Moore & Co. nor Pleasants were agents of the Guarantee Company, and that the service of process on the Auditor of Public Accounts was invalid, such attempted service of the process would not avail to give the court jurisdiction over the company.

Consequently, if the plaintiff had taken issue on the plea, and it had been shown that Hamner was not a resident of Lynchburg, the verdict upon the issue must have been for the defendant, although it should have been proved that the service of process on Moore & Co. or Pleasants or the Auditor was valid; and, conversely, the verdict must also have been for the defendant if it had been shown that the service of the process on neither Moore & Co., nor on Pleasants, nor on the Auditor was valid, although it were proved that Hamner was a resident of Lynchburg.   If either of the defences set up in the plea were true, the verdict upon the issue must have been for the defendant.   So that the plea presented two distinct and sufficient defences, either of which, if true, would have necessitated a finding on the issue in favor of the Guarantee Company.   The plea was therefore bad

for duplicity.    5 Rob. Prac. 305; *Cunningham* v. *Smith*, 10 Gratt. 255; and *Reynolds* v. *Harris*, 94 E. C. L. 872.

The refusal of the court to dismiss the action, and strike it from the docket, is the subject of the fifth and sixth assignments of error.    In this there was no error.    The alleged ground of the motion was the want of jurisdiction in the court.    The declaration showed on its face proper matter for the jurisdiction of the court, and no exception for want of jurisdiction, if well founded, could be availed of, unless taken by plea in abatement. Code, sec. 3260.

The motion to quash the attachment was likewise properly overruled.    The return was regular.    It was not necessary that it should show that the service of the attachment on A. W. Harman was in the bailiwick of the sheriff.    He was without authority to execute it outside of his bailiwick, and the presumption of law, in the absence of evidence to the contrary, is that he executed it legally.    This disposes of the seventh and eighth assignments of error.

The court did not err in allowing the declaration to be amended after sustaining the demurrer to it.    The declaration stated a good cause of action, though the statement was defective with regard to the matters in which it was amended.    Nor did the court err in overruling the demurrer to the amended declaration.    The declaration sets forth the bond of the defendants, its condition, and the undertaking of the Guarantee Company; alleges, in breach of the condition of the bond, the fraudulent acts of Hamner in connection with his duties as teller, the loss and the amount thereof thereby sustained by the plaintiff, and its right to the payment of the bond; and then avers the non-payment thereof.    This is done with sufficient fullness and clearness to apprise the defendant Company of the grounds of the plaintiff's claim, and to enable it to plead to the action, which was sufficient.    *Allison* v. *Bank*, 6 Rand. 504; *Elam* v. *Commercial Bank*, 86 Va. 92; and *Mutual Life Ins. Co. of New York* v. *Oliver*, *ante*, p. 445.

The court did not err in rejecting plea No. 7. The defence it presented was covered by pleas Nos. 1, 5 and 6, which had been already admitted, and any evidence that was admissible under it could have been introduced under those pleas.

The multiplication of pleas multiplies issues, and the multiplication of issues tends to embarrass and confuse juries, and to defeat the ends of justice. Courts do not therefore regard with favor the practice of multiplying issues by unnecessary pleas, and it is not error to exclude a plea which presents a defence that may be made under a plea already in. *Archer* v. *Archer*, 8 Gratt. 539; *Fant* v. *Miller & Mayhew*, 17 Gratt. 47; *Elam* v. *Commercial Bank*, 86 Va. 92; and *George Campbell Co.* v. *Angus & Co.*, 91 Va. 438.

Plea No. 9 presented the defence of fraud in the procurement of the contract.

It was not competent at common law to set up this defence against a sealed contract, and to enable it to be done was one of the objects of the Act of 1831, now constituting, as subsequently amended, section 3299 of the Code. *Columbia Accident Ass.* v. *Rockey*, 93 Va. 678.

In an action at law upon a contract, a plea which presents the defence of fraud in the procurement of the contract, must, as a general rule, aver the guilty knowledge and consequent intent to deceive the plaintiff, or other person under whom the plaintiff claims. 2 Pom. Eq., sec 884. But in equity no such averment is necessary. Whether or not such guilty knowledge is sufficiently averred in plea No. 9 it is unnecessary to decide, as the plea is good without the averment. Section 3299 of the Code was enacted for the purpose of allowing certain equitable defences to be made at law, and the defendant, on the issue tendered by that plea, had the right to make the same defence as if sued in equity. The defence was *equitable*, though made at law, and the same rules apply in each forum.

The plea aforesaid alleges that the Guarantee Company was induced to execute as surety the bond of Hamner, as teller of the

bank, by the positive representation in writing, made to it for and on behalf of the bank by its cashier, that Hamner was never in arrear or default to the bank; that his books and accounts, including cash, securities, and vouchers, were last examined in December, 1893, by a committee of the board of directors of the bank, and found to be correct; and that but for these representations it would not have executed the bond.    It then avers that these representations were false; that Hamner, as teller, was at the time of these representations, and had been long prior thereto, a defaulter, and largely in arrears to the bank; and that the examination of his books and accounts, including cash, securities, and vouchers, which was represented to have been made in December, 1893, was not so made; and that, if it had been made, his defalcation would have been discovered.

These alleged representations were of existing facts, were material, and presumably within the peculiar knowledge of the bank and its officers, and constituted an inducement to the Guarantee Company, on which it had the right to rely, to execute the bond. It was immaterial whether the plaintiff knew that they were false, or honestly believed them to be true.    If a party innocently misrepresent a material fact by mistake, the effect is the same on the party who is misled by it as if he who innocently made the misrepresentation knew it to be positively false.    The real question in such a case is not what the party making the representation knew or believed, but was the representation false, and the other party misled by it.    *Lynchburg Fire Ins. Co.* v. *West,* 76 Va. 575; *Grim* v. *Byrd,* 32 Gratt. 293; *Max Meadows Land & Imp. Co.* v. *Brady,* 92 Va. 77; and *Wilson* v. *Carpenter,* 91 Va. 183.

The defence presented by plea No. 9 was a valid one, if proved.    It could not be made under any plea that was admitted, and the court erred in rejecting it.

At the trial the plaintiff produced the general ledger of the bank, but the Guarantee Company objected to its introduction as evidence until it was first proved by the person who kept the

book that the entries in it were correct. The court sustained the objection, and ruled that "the book must be proved to be the book of the bank, that it must be shown who kept it, that it was kept by an officer of the bank whose duty it was to keep it, and that it was kept in the regular order." The attorneys for the plaintiff thereupon ceased at that time to interrogate the witness as to the book. The book was subsequently referred to several times, and compared with the reports of the counting committees, without further ruling by the court, no objection being made at the time of such references. We perceive no error in the action of the court in respect to this matter.

Nor did the court err in ruling out certain questions propounded to the witness Booker, and not permitting him to answer them. The hypothetical case upon which he was asked to express an opinion was not a matter that called for expert testimony. The facts and circumstances shown in evidence were not of such character that men in general were incapable of comprehending them, and incompetent to form an intelligent and correct opinion about them. The court very properly left it to the jury to form their own conclusions from the evidence upon which the hypothetical questions were founded, unaffected by anyone's opinion.

This brings us to the only two remaining assignments of error. The one relates to the legality of the special term of the court at which the case was tried. The question involved, or a similar one, can hardly arise on a future trial of the case; and any discussion of it would be superfluous and unreasonable in an opinion already greatly protracted by reason of the many bills of exception and numerous assignments of error.

The other assignment of error, not previously disposed of, draws in question the action of the court in overruling the motion of the defendant for a new trial, upon the ground that the verdict was contrary to the law and the evidence. As the case has to go back for a new trial for the error of the court in excluding plea No. 9, upon which new trial the evidence will

presumably not be the same, in view of the admission of the said plea, any discussion of the evidence as certified by the court is unnecessary, if it would not also be improper.

For the foregoing reasons, the judgment of the Circuit Court must be reversed, the verdict of the jury set aside, and a new trial awarded the plaintiff in error, upon which new trial, if plea No. 9 is again offered, it is to be admitted.

*Reversed.*