# Wytheville.

## CARR v. BATES & ROGERS CONSTRUCTION COMPANY.

### June 11, 1908.

#### Absent, Keith, P.

1. FOREIGN CORPORATIONS—*Process—Service on Statutory Agent.*—Where an action is brought against a foreign corporation doing business in this State, to recover damages for a wrong, in the county where the cause of action arose, the process commencing the action may be sent to the officer of the county or corporation in which the statutory agent of such foreign corporation resides, and service upon such agent there will have the same effect in bringing such foreign corporation into court as if it were a home corporation, and the statutory agent were its chief officer residing there.

Error to a judgment of the Circuit Court of Nansemond county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Jeffries & Lawless,* for the plaintiff in error.

*Loyall, Taylor & White,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error, who was the plaintiff in the court below, instituted his action in the Circuit Court for Nansemond county to recover damages for a personal injury alleged

to have been done him in that county by the negligence of the defendant, a foreign corporation doing business in this State.

The defendant had complied with the provisions of section 1104 of the Code of 1904 by appointing a resident of the city of Roanoke as its agent, upon whom all lawful processes against the corporation could be served. The summons or writ was directed to the sergeant of that city and was served upon its said agent.

Upon motion of the defendant, the summons and return thereon were quashed and the plaintiff's action dismissed. To that judgment this writ of error was awarded.

Two errors are assigned. One, that the court erred in quashing the writ and return; and the other, that if this were not error, it erred in dismissing the plaintiff's action.

The ground upon which the court quashed the writ and return was, that where an action is brought in a county because the cause of action arose there, service of process upon the statutory agent of a foreign corporation in another county or corporation in which he resides is invalid, although the action be to recover damages for a wrong.

Section 3215 of the Code provides, that an action may be brought in any county or corporation wherein the cause of action or any part thereof arose, although none of the defendants reside therein.

Section 3220 provides, that process against a defendant to answer in any action brought under section 3215 shall not be directed to the officer of any other county or corporation than that wherein the action is brought, except in certain classes of cases, among which are actions to recover damages for a wrong.

By section 3224 of the Code it is provided, that any summons may be served as a notice is served under section 3207, except that when such process is against a corporation, the mode of service shall be as provided by section 3225, which is as follows:

"Process against or notice to a corporation may be served as follows: If the case be against a city or town, on its mayor, recorder, or on any alderman, councilman, or trustee of such city or town; if against a bank, on its president, cashier, treasurer, or any one of its directors; if against a railroad company, on its president, cashier, treasurer, general superintendent, or any one of its directors; if against some other corporation created by the laws of this State, on the president, rector, or other chief officer, cashier, treasurer, secretary, or any one of its directors, trustees, or visitors; if against a corporation created by some other State or country or in any case if there be not in the county or corporation wherein the case is commenced any other person on whom service can be aforesaid, on any agent of the corporation against which the case is (unless it be a case against a bank) or on any person declared by the laws of this State to be an agent of such corporation, and if there be no such agent in the county or corporation wherein the case is commenced and affidavit of that fact and that there is no person in said county or corporation on whom there can be service aforesaid, publication of a copy of the process or notice once a week for four successive weeks in a newspaper printed in this State shall be a sufficient service of such process or notice, except that in the case of an insurance company created by the laws of this State process or notice shall be directed to the sheriff or sergeant of the county or corporation wherein the chief office of such company is located; and in case of any insurance company or surety company not created by the laws of this State but doing business in this State, process or notice shall be served in the manner prescribed by sections twelve hundred and sixty-six and twelve hundred and sixty-seven, chapter fifty-three of the Code of Virginia. When the publication is of process it shall be made on an order directing the same in the case in which the process issues. The order may be entered either in court or by the clerk of the court at any time in vacation."

Under that section, process against a corporation, except banks, insurance companies and surety companies, may be served upon any agent of the corporation against which the case is, if there be not in the county or corporation in which the suit is commenced any of the persons designated in the preceding part of the section upon whom it may be served, and if there be no such agent, then upon proper affidavit it may be served by the publication thereof in the manner provided by the section. But the fact that the plaintiff in such a case may have his process served by publication, where there is no person in the county upon whom it can lawfully be served, does not prevent him, if the defendant be a home corporation, from having the process directed to the officer of any other county or corporation, where the right to send process to the officer of another county or corporation is authorized by section 3220, and this is the everyday practice. But the authority to do this is not found in section 3225. It is to be gathered from all the sections of the Code providing where actions may be brought, when process may be sent to another county or corporation for service, and upon whom such service may be made.

In like manner, in determining when and where process may be served upon the statutory agent of a foreign corporation, all the sections of the Code bearing upon the subject must be considered.

Section 1104 of the Code of 1904 provides, that every foreign corporation, before doing business in this State, shall, among other things, appoint some person residing in this State as its agent, upon whom *all legal process* against the corporation may be served, and who shall be authorized to enter an appearance in its behalf. The manifest object of this provision was to compel a foreign corporation doing business in this State to have some designated representative residing in this State upon whom process against it might be served, and the corporation brought into court as effectually as if it were a home corporation. This object cannot be accomplished, unless

it be held that where an action for a wrong is brought in the county where the cause of action arose, and the statutory agent does not reside in such county, process can be served upon him in the county or corporation wherein he does reside. If process in such a case cannot be served in another county or corporation, then a foreign corporation is placed upon a higher plane and treated with more consideration than a home corporation, which manifestly was never intended.

In the case of the *Guarantee Co.* v. *National Bank,* 95 Va. 480, 487, 28 S. E. 909, the action was brought in the circuit court for the city of Lynchburg against a resident of that city, and a foreign corporation. The writ or summons was directed to the sergeant of the city of Richmond, and served by delivering a copy to the agents of the foreign corporation, to its statutory agent, and to the auditor of public accounts. There was a plea in abatement to the writ, denying that the alleged Lynchburg defendant was a resident of that city, and also that the persons upon whom the writ was served by the sergeant of the city of Richmond were the agents of the foreign corporation. In discussing that plea, Judge Riely, who delivered the opinion of the court, said: "The Guarantee Company, being a foreign corporation, the Circuit Court of the city of Lynchburg could acquire jurisdiction of the suit against it only in some one of three ways: By the cause of action or some part thereof arising in the said city (sec. 3215 of the Code); by being sued with another who was a resident thereof (sec. 3214, par. 1); or by having estate, or debts owing to it, within the said city (sec. 3214, par. 4)."

This language is quoted with approval by Keith, P., in delivering the opinion of the court in *Deitrick's Admr.* v. *State Life Ins. Co.,* 107 Va. 602, 59 S. E. 489, 492, 1 Va. App. 670.

If it were true that process cannot be served upon the statutory agent of a foreign corporation, except in the county or corporation where the action is brought, under any circumstances, then much of the discussion of Judges Riely and Keith

was wholly unnecessary, for in each of those cases the process was served in a jurisdiction other than that in which the action was brought, and the question involved could have been decided by simply declaring that there was no authority for such service.

Unless the county or corporation of which the statutory agent is a resident be treated as the place where the chief office of the foreign corporation is or where its chief officer resides, so far as serving process is concerned, there is no statutory authority for suing such a defendant in that county or corporation, unless the cause of action or some part thereof arose there, or it is sued with another defendant upon whom process has been served therein, or it has estate or debts owing to it within the same. The places where actions at law and suits in equity may be brought are prescribed by statute, and they cannot be brought elsewhere against resident defendants. Whether they can be brought, as at common law, against a non-resident defendant in the courts of any county or corporation in which such non-resident may be found, and served with process as at common law, as was held in *Beirne* v. *Rosser & Turner,* 26 Gratt. 537, 541-2, has been questioned; but it would seem to be settled law that an action *in personam,* prosecuted by a summons, will not lie against a foreign corporation at common law, since under the common law conception a corporation could not migrate but must dwell in the place of its creation. See 19 Cyc. 1323, and cases cited; *Deatrick &c.* v. *State &c. Co., supra.*

Yet the settled practice in this State is to bring actions and suits against such foreign corporation in the county or corporation in which its statutory agent resides, whenever if the action or suit had been against a home corporation it could have been brought in the county or corporation wherein its chief office is, or its mayor, rector, president or chief officer resides.

While not entirely free from difficulty, I am of opinion, when all of our statutes upon the subject are considered and construed together, that where an action is brought against a foreign corporation doing business in this State, to recover

damages for a wrong, as in this case, in the county where the cause of action arose, the process commencing the action may be sent to the officer of the county or corporation in which the statutory agent of such foreign corporation resides, and that service upon such agent there will have the same effect in bringing such foreign corporation into court as if it were a home corporation and the statutory agent were its chief officer residing there. This construction is clearly in accord with the spirit of the statutes; more nearly harmonizes their conflicting, or apparently conflicting, provisions; is in the interest of the foreign corporation, since it gives it actual notice of the action through a statutory agent of its own selection, instead of constructive notice by a newspaper publication; and places it in substantially the same situation as a home corporation as to the places where it may be sued; and it enables the plaintiff in such action, if he makes a recovery, to obtain a judgment against the foreign corporation which will be conclusive upon it in other jurisdictions, which it is not at all clear would be the case if the plaintiff were compelled to have the process served by publishing it in a newspaper.

I am of opinion, therefore, that the trial court erred in quashing the summons and return thereon, and that for this error its judgment must be reversed and set aside, the defendant's motion to quash overruled, and the cause remanded to the circuit court for further proceedings.

*Reversed.*