## Richmond.

## NORFOLK AND WESTERN RAILWAY COMPANY AND ANOTHER V. CRULL.

### March 9, 1911.

1. VENUE—*Failure to Deliver Goods Safely—Carriers.*—The breach of duty of a carrier to deliver goods in good condition takes place where delivery is to be made, and the place of breach is the place where the cause of action arises. Hence upon a shipment of horses from St. Louis, Mo., to Norfolk, Va., the failure to safely deliver at Norfolk gives rise to a cause of action at that place.

2. FOREIGN CORPORATIONS—*Service of Process—Publication—Due Process.*—If a foreign corporation doing business in this State is sued with a resident corporation of which the court acquires rightful jurisdiction, and has no agent in the city where the suit is brought upon whom process can be served, it may, upon proper affidavit, be proceeded against by order of publication in the manner provided by section 3225 of the Code, although it did no business in that city, and had no agent there. Such a procedure is not an infringement of the property rights of the foreign corporation, without due process of law. It assented to that mode of service, which had been previously prescribed, by doing business in the State.

3. JOINT TORT FEASORS—*Carriers—Injury to Stock by Connecting Carriers.*—A joint action of tort may be maintained against the initial and connecting carrier for failure to deliver in good condition a consignment of horses to be transported by them from St. Louis, Mo., to Norfolk, Va. Both defendants are necessary factors in the connected undertaking to carry the horses from the one point to the other. There is concert of action in consummating a common purpose, and, if the horses are injured in transit, there is joint, concurrent negligence which makes the defendants joint tort feasors. The defendants being engaged in a connected or common undertaking, the fact that their negligent acts are not simultaneous, but come successively into operation in producing the injury, does not destroy their liability as joint tort feasors.

4. CARRIERS—*Injury to Goods—Action by Owner—Contract by Agent—Privity.*—The owner of goods may sue in case in his own name to recover damages for an injury negligently inflicted thereon by a carrier, although they were billed ·in the name of the owner's agent, where the contract of shipment was made for the benefit of the owner and that fact was known to the carrier. This is all the privity that is necessary.

5. APPEAL AND ERROR—*Excessive Damages—Verdicts.*—This court will not set aside a verdict for excessive damages unless it can plainly see that injustice has been done.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Hughes & Little* and *Starke, Venable & Starke,* for the plaintiffs in error.

*G. M. Dillard,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by C. E. Crull to recover of the Norfolk and Western Railway Company, a domestic corporation, and the Louisville and Nashville Railroad Company, a foreign corporation doing business in Virginia, damages for the negligent shipment by the defendants of horses from St. Louis, Missouri, to Norfolk, Virginia.

The Louisville and Nashville Railroad Company was chartered by the State of Kentucky, and was authorized by the General Assembly of Virginia to extend its line of railroad through several of the counties of this State, provided that as to all matters arising within this State the company should be subject to the general laws and the process of the courts of Virginia. (Acts 1887, p. 19.)

The shipment in this case was over the line of the Louisville and Nashville Railroad Company from St. Louis, Missouri, to Norton, Virginia, and from that point over the Norfolk and Western Railway Company's line to Norfolk, Virginia.

The first assignment of error is that the Court of Law and Chancery of the city of Norfolk had no jurisdiction to hear the case.

Both defendants appeared for that purpose only, and moved the court to quash the writs and filed pleas in abatement to the jurisdiction—the Norfolk and Western Railway Company upon the ground that its principal office was not in the city of Norfolk, nor did its chief officer reside there; and upon the further ground that the alleged cause of action and no part thereof arose in the city of Norfolk. The Louisville and Nashville Railroad Company objected to the jurisdiction upon the ground that the alleged cause of action did not arise in the city of Norfolk; that it was a foreign corporation doing no business in Norfolk and having no agent there upon whom process could be served; and contending further that any assumption of jurisdiction in the case as to it would be an infringement of its property rights without due process of law, and, therefore, unconstitutional.

Process was served upon the Norfolk and Western Railway Company by delivery of a copy to a director of the company residing in the city of Norfolk. Upon affidavit filed showing that there was no agent of the Louisville and Nashville Railroad Company in the city of Norfolk upon whom process could be served, publication was ordered. and duly executed as to this foreign corporation doing business in Virginia.

The contention by both defendants that the cause of action did not arise in the city of Norfolk because it was shown that no part of the injury complained of was suf-

fered after the carload of horses reached that city, is without merit.    The two defendants engaged and acted in concert to accomplish one object.    That purpose was to carry the carload of horses and deliver the same in good condition at Norfolk, the point of destination.    The negligent care of the horses throughout the journey was a continuous breach of duty which resulted in the breach, in the city of Norfolk, of the principal duty, which was to deliver the horses there in good condition.    The default in failing to deliver the horses in good condition took place where the delivery was to be made, and the place of default was the place where the cause of action arose.

In *Bank* v. *Lacombe*, 84 N. Y. 384, 38 Am. Rep. 518, it is said: "The cause of action arises when that is not done which ought to have been done; or that is done which ought not to have been done.    But the time when the cause of action arises determines, also, the place where it arises, for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises."

As already seen, the breach of duty which gave rise to the present cause of action was the failure of the defendants to deliver the shipment of horses in good condition at the point of destination.    That occurred in the city of Norfolk when the horses arrived there, and were delivered to the plaintiff in bad condition, and, therefore, the cause of action arose in Norfolk.

The cause of action having arisen in Norfolk, and process having been duly served upon one of the directors of the Norfolk and Western Railway Company, the home defendant, and affidavit having been filed showing that the Louisville and Nashville Railroad Company, the foreign corporation doing business in Virginia, had no agent in Norfolk upon whom process could be served, and there having been due publication of the process against that

company, as provided by statute, the court thereby acquired jurisdiction of both defendants, with authority to hear and determine the case as to each.    Code, 1904, sec. 3225.

In *Carr* v. *Bates,* 108 Va. 371, 61 S. E. 754, section 3225 is construed, and it is there stated, that the plaintiff, in a suit against a foreign corporation doing business in Virginia, may upon proper affidavit have the writ served by publication thereof in the manner provided by section 3225.

In a note to *Pinney* v. *Loan & Investment Co.,* 50 L. R. A. 589, citing numerous decisions of the highest authority, it is said: "It is now well established, however, that the legislature of a State may, in the exercise of its power to impose conditions upon foreign corporations doing business within the State, prescribe a mode of service of process upon them which will subject them to the jurisdiction of the State courts and the Federal courts sitting in the district embracing the State, provided such mode is not unreasonable or contrary to the principles of natural justice, which forbids condemnation without opportunity to be heard; and such a corporation, by doing business within the State, will be deemed to have assented to that mode of service and will be bound thereby."

It is further contended that there could not be, in this case, a joint judgment against the two defendants.

This is not an action to recover on contract, but it is an action in tort to recover damages for the joint negligence of the two defendants.    Both defendants were necessary factors in the connected undertaking to carry the horses from St. Louis, Missouri, to Norfolk, Virginia.    There was concert of action in consummating a common purpose, and there was joint, concurrent negligence which made the defendants *joint tort feasors.*    The defendants being engaged in a connected or common undertaking, the fact that their negligent acts were not simultaneous, but came successively into operation in producing the injury, does not destroy their liability as joint tort feasors.

In 15 Ency. Pl. & Pr., pp. 558-9, it is said: "Several persons, acting independently, but causing together a single injury, are joint tort feasors within the rule, and may be sued either jointly or severally. In other words, it is not always essential that the defendants shall have acted in concert in order to render them liable as joint tort feasors."

"Any number of tort feasors may be joined in the same action when all are alleged to have participated in the wrong. They may be sued jointly or severally, at the election of the plaintiff; and this is true, notwithstanding there may exist a difference in the degree of liability or the quantum of evidence necessary to establish such liability." *Riverside Cotton Mills* v. *Lanier*, 102 Va. 148, 45 S. E. 875.

In the case at bar, the negligence complained of was failure to care for the horses from St. Louis to Norfolk. It consisted in failure to feed, rest and otherwise care for the horses in a reasonable way; and it would be impossible for the consignee to show what proportion of the neglect occurred on one road and what on the other. He can only show that proper care was not taken of the horses between the point of shipment and the point of destination. He, therefore, exercised his right to sue the wrongdoers jointly and under such circumstances there can be a joint judgment.

There is no ground for the contention that there was no privity between the plaintiff and the defendants. The altogether sufficient privity in this case was, that the defendants had possession of horses belonging to the plaintiff and negligently injured them. It is true that the horses were billed in the name of Nugent Bros., the plaintiff's agents, but the contract was for the benefit of the plaintiff, a fact known to the defendants, which entitled the plaintiff to bring the suit in his own name.

Under the instructions given by the court the case was

fairly submitted, and the verdict of the jury is sustained by ample evidence. It appears that one of the horses died en route, and that another died in a short time after reaching Norfolk. They arrived at their destination in such a gaunt, weak and wretched condition as to shock those who received them. The manes and tails of a number of the horses had been eaten off to such an extent that they were not to be recognized. The evidence tends to show that this devouring of each others' manes and tails was the result of starvation.

There is no ground for the contention that the verdict for $500.00 was excessive. That this court will not set aside a verdict for excessive damages unless it can plainly see that injustice has been done is well established. The cases on this subject are too familiar to require citation or comment.

Upon the whole case, the judgment complained of must be affirmed.

*Affirmed.*