No. 26,932.

D. W. TURBETT, E. G. TURBETT and GEORGE H. STRUBLE; C. B.
STIGER and CHARLES BENESH, Partners, as STRUBLE & STIGER LOAN
AND INVESTMENT COMPANY, *Appellees*, v. HOWARD MARTY et al.,
*Appellees*, and H. C. BOUSLOG, ED CARTER and GEORGE H. WOOD-
HOUSE, *Appellants*.

SYLLABUS BY THE COURT.

1. ABSTRACTS OF TITLE — *Abstracter's Bond — Term.*  Our statute (R. S. 67-
243) does not fix the term of an abstracter's bond.

2. BONDS—*Duration of Liability.*  A bond containing no limitation of time as
to the liability created, given to secure the faithful performance of a named
person who has no fixed term of office, position or employment, continues
in force until it is discharged in some appropriate manner.

3. ABSTRACTS OF TITLE—*Liability of Bondsmen—Inaccurate Abstract on Ab-
stracter's Land.*  The fact that an abstracter is the owner of land, an ab-
stract of the title to which is compiled and certified by him as an ab-
stracter, does not relieve his bondsmen from liability for damages resulting
from inaccuracies in such abstract.

4. SAME—*Liability of Bondsmen—Effect of New Bond Relating Back Over
Same Period.*  After damages had accrued upon an abstracter's bond, the
abstracter gave a new bond which by its terms related back and covered
the period within which the damages had accrued.  *Held*, this did not relieve
the sureties upon the first bond from liability.

Appeal from Wallace district court; JACOB C. RUPPENTHAL, judge.  Opinion
filed December 11, 1926.  Affirmed.

*Guy L. Hursh*, of Topeka, for the appellants.
*E. A. Rea* and *E. C. Flood*, both of Hays, for the appellees.

The opinion of the court was delivered by

HARVEY, J.:  This is an action upon an abstracter's bond.  There
was a judgment for plaintiffs.  The sureties have appealed.  There
is no controversy over the facts, which are substantially as follows:

Howard Marty, an abstracter in Wallace county, filed his ab-
stracter's bond October 4, 1915, and the same was approved by the
board of county commissioners.  The bond was in the penal sum of
$5,000 and was conditioned as required by the statute (R. S. 67-
243), to which it referred.  It did not specifically name the term for
which it was to be in force.  It was signed by Howard Marty as
principal and by H. C. Bouslog, Ed Carter and George H. Wood-
house as sureties.

Abstracts of Title, 1 C. J. p. 368 n. 38.  Bonds, 9 C. J. pp. 24 n. 56, 45 n. 32.

Turbett v. Marty.

More than five years after this bond was given and approved, and in January, 1922, Marty, as an abstracter, compiled and certified an abstract of the title to a quarter section of land in Wallace county, which abstract showed the fee simple title to be vested in Howard Marty clear of all incumbrances. Relying upon the abstract as so certified, plaintiffs loaned Howard Marty $1,000, secured by a mortgage upon the land. The mortgage was recorded March 9, 1922, after which the abstract was brought to date by Marty and recertified by him as an abstracter, and then showed the mortgage to plaintiffs to be a first, and the only, lien upon the land. The abstract was inaccurate in that it did not show incumbrances recorded prior to the making and certification of the abstract. The amount of the prior incumbrances exceeded the value of the land. Howard Marty, the mortgagor, was insolvent. Plaintiffs, relying upon the abstract and certificates of Marty as an abstracter thereon, were damaged the full amount of the loan which they made, because of the failure of Marty as an abstracter to show the prior incumbrances of record. On October 2, 1922, Marty gave a new abstracter's bond, signed by himself as principal and by E. E. White, Hugo E. Nelson, G. A. Hays, Peter Robidoux and Robert Hoss as sureties. This bond was for the penal sum of $5,000, was conditioned as required by the statute (R. S. 67-243), to which it referred, but limited the time covered by it "from October 4, 1920, to October 4, 1925." Plaintiffs in November, 1922, learned the situation as to the prior incumbrances upon the land and the giving of the new abstracter's bond, and sued Marty and the sureties upon both bonds for the damages sustained, and recovered a judgment against all defendants. Marty, the principal on the bonds, did not appeal. The sureties upon the bond given October 2, 1922, have not appealed. Perhaps they regard their liability as having been correctly determined, in accordance with the doctrine announced in *Mc-Mullen v. Loan Association,* 64 Kan. 298, 67 Pac. 892, and allied cases; but whatever may be their reason for not appealing, the question of their liability is not before us.

The sureties upon the bond filed and approved October 4, 1915, have appealed. They contend they are not liable, under the law, for damages sustained by plaintiffs because of omission in abstracts compiled and certified by Marty in January and March, 1922, more than six years after the bond was filed and approved. The question

must be determined from our statute and from the bond in question. Our statute (R. S. 67-243) requires the giving of a bond by a person who intends to engage in the business of abstracting, and provides the amount of the bond, who shall approve it, the parties indemnified by it, and the nature of the injury or damage for which the bondsmen are liable. The bond in question conforms to the statute in these respects, and these provisions are not in controversy upon this appeal. The statute does not fix a term for which an abstracter's bond shall be given, but does provide that the county commissioners "shall require a new bond by such abstracters once in five years." Appellants contend this limits the term of the bond to five years from the date it is filed and approved. In this appellants are in error. All this provision does is to impose a duty upon the board of county commissioners to require a new bond once in five years—it does not purport to fix the term of the bond. So far as this provision is concerned the abstracter can give a bond for one year and renew it, or give a new one, annually, in which event the board of county commissioners would have no occasion by virtue of this statute to require a new bond. Or the abstracter might give a bond for five years, or for a longer term, as for ten years, or without any term being named in the bond, as the bond in this case, in which event the board of county commissioners shall require a new bond, at some time not more than five years after it was given. But this is simply a duty imposed by statute upon the board of county commissioners. The statute does not provide the bond shall expire at the end of five years after it is given, or that liability upon the bond shall cease if the board of county commissioners fail or neglect to perform their statutory duty. An abstracter is not a public officer (*Allen v. Hopkins*, 62 Kan. 175, 179, 61 Pac. 750; 1 C. J. 367). No statute fixes the term for which a person may engage in the business of making abstracts; the person determines for himself how long he will engage in that business. Appellants contend that an abstracter's bond is a statutory bond and "makes the abstracter and his sureties liable in the manner and to the extent provided for in the statute, which is, in effect, read into the bond," quoting from *Arnold & Co. v. Barner*, 91 Kan. 768, 139 Pac. 404. This is all true. The statute fixes the "manner and extent" of liability, and its terms are, in effect, read into the bond. But the statute nowhere fixes the term during which liability upon the bond shall continue, nor the time such liability

shall cease. It does impose a duty upon the board of county commissioners to require a new bond, once every so often, but does not provide that upon a neglect of the performance of such duty liability shall cease upon a bond previously given for an indefinite term. The bond in question in this case was given for an indefinite term. No new bond had been given, and nothing else had transpired to cause liability thereon to cease at the time the inaccurate abstract was compiled and certified which caused plaintiffs' damage in this case; hence, appellants were liable for such damage.

Duration of liability on a bond ordinarily depends upon the terms of the bond (9 C. J. 40). A bond containing no limitation of time as to the liability created, given to secure the faithful performance of a named person who has no fixed term of office, position or employment, continues in force until it is discharged in some appropriate manner. (9 C. J. 45, 46; *Bank v. Honey,* 58 Kan. 603, 50 Pac. 871; *Snattinger v. Topeka,* 80 Kan. 341, 102 Pac. 508.)

Appellants say the land, to which the abstract of title was made in this case, was owned by Marty and under the statute (R. S. 67-245) he was authorized to make an abstract of the title thereto, without giving an abstracter's bond. That is true, but he did not make the abstract as owner. He compiled and certified to it as an abstracter, and as an abstracter he and his bondsmen are bound.

Appellants contend that the giving of the second bond, October 2, 1922, which by its terms related back and covered the time when the acts were done which caused damages to plaintiffs in this case, has the effect of releasing them from liability. But this is inaccurate. Liability of appellants had accrued before this second bond was given, and the fact that sureties upon the later bond became liable does not release appellants of liability. It may be of help to appellants to have the sureties upon the second bond also liable, but that is another question. It does not relieve appellants of liability.

Finding no error in the record, the judgment of the court below is affirmed.

Cases No. 26,931, Grace S. Waterman, and G. H. Struble, C. B. Stiger and Charles Benesh, partners, engaged in business under the firm name of Struble & Stiger Loan and Investment Company, Appellees, v. Howard Marty, George H. Woodhouse, Ed Carter and H. C. Bouslog, Appellants; No. 26,933, Louise Blinn, and G. H. Struble, C. B. Stiger and Charles Benesh, partners, engaged in business under

the firm name of Struble & Stiger Loan and Investment Company, Appellees, v. Howard Marty, E. E. White, Hugo E. Nelson, G. A. Hays, Peter Robidoux, Robert Hoss, Appellees, and H. C. Bouslog, Ed Carter and George H. Woodhouse, Appellants; No. 26,934, Clara M. Perry, and G. H. Struble, C. B. Stiger and Charles Benesh, partners, engaged in business under the firm name of Struble & Stiger Loan and Investment Company, Appellees, v. Howard Marty, George H. Woodhouse, Ed Carter, H. C. Bouslog, Appellants; and No. 26,935, Ethel Marean Stotts, and G. H. Struble, C. B. Stiger and Charles Benesh, partners, engaged in business under the firm name of Struble & Stiger Loan and Investment Company, Appellees, v. Howard Marty, George H. Woodhouse, Ed Carter and H. C. Bouslog, Appellants, are similar to the case of *Turbett et al. v. Marty et al.*, just decided, present the same legal questions, were consolidated with that case for hearing in this court, and each of them is affirmed upon the authority of that case.