# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Weller

July 6, 1987

Case No. F-8889

By JUDGE ALFRED D. SWERSKY

The matter is before the Court on the Defendant's Motion to Dismiss the Indictment. The basis of the motion is a collateral attack on the validity of the order finding the Defendant to be an Habitual Offender within the meaning of Code of Virginia, § 46.1-387.2(a). Such a collateral attack is permitted since the validity of the order is an essential element of this offense. *See Slaughter v. Commonwealth*, 222 Va. 787 (1981).

Defendant attacks the jurisdiction of the Court that found him to be an habitual offender on the ground that it was not a court of a political subdivision where the Defendant resides. It is stipulated and agreed that at the time of the finding by the Hanover County Circuit Court the Defendant was in jail in Hanover County. Since "resides" or "residence" refers to the voluntary abiding of a person in a particular place, confinement in a jail or penitentiary cannot change a person's residence. *See Guarantee Co. v. First Nat. Bank*, 95 Va. 480, 28 S.E. 909 (1898). The stipulated evidence reveals that the political subdivision where Defendant "resides" at the time of the finding by the Hanover Court is the City of Alexandria.

The next question to be addressed is whether the venue in the statutory scheme is jurisdictional. The statutory creation of the classification of Habitual Offender means that these procedures are purely statutory in nature and do not come within the general venue statutes. Like divorce, venue in habitual offender proceedings is jurisdictional; hence, the Hanover Court was without jurisdiction to enter the Habitual Offender Order of February 3, 1986.

The Motion to Dismiss will be granted.