Syllabus.

# Richmond.

## Virginia-Carolina Chemical Company v. Knight.

### March 14, 1907.

1. EVIDENCE—*Opinion Evidence—Admissibility.*—When all relevant facts can be or have been introduced before the jury and they are able to deduce a reasonable inference from them, no reason exists for receiving opinion evidence, and it is inadmissible.

2. WITNESSES—*Impeachment—Prior Inconsistent Statements.*—While a witness may be impeached by his own prior inconsistent or contradictory statements, verbal or written, neither verbal statements nor writings of a third person for which the witness is in no wise responsible and of which he has no knowledge, can be used for that purpose.

3. EVIDENCE—*Admissions of Attorneys.*—A letter written by an attorney in the case to the clerk of the court solely for the purpose of directing him what witnesses to summon, and where they might be found, in which it was stated that all witnesses whose addresses were not given were working for the defendant at a place stated, cannot be given in evidence as an admission of the defendant that all of such witnesses were employees of the defendant. While attorneys have very broad powers in the management of a case, and their admissions generally bind their client in matters relating to the trial and progress of the case, yet to have this effect they must be distinct and formal and made for the purpose of dispensing with formal proof of some fact at the trial.

4. EVIDENCE—*Writings—Duplicate Originals—Carbon Copies.*—Several carbon copies made at the same time and by the same impression as the original are duplicate originals and receivable in evidence as such.

5. EVIDENCE—*Report of Accident by Superintendent to Master—Knowledge of Facts Reported—Privileged Communications.*—The report of an accident made immediately thereafter and before action brought by a superintendent, in the line of his duty, to the master, in which it is stated that the person injured is an employee of the master, is admissible in evidence against the master in an action brought against him to recover damages for

the injury inflicted by such accident. The fact that the superintendent had no personal knowledge of the accident is immaterial. Nor is such a report a privileged communication because thereafter, when suit was threatened or brought, it was communicated to the defendant's attorney.

6. EVIDENCE—*Relevancy—Accident Insurance by Master on Servant.*— In an action by an employee to recover damages for an injury inflicted by the alleged negligence of the master, the fact that the master is insured against accidents to his employees is irrevalent to the issue and cannot be given in evidence.

7. INSTRUCTIONS—*Read as a Whole—Harmless Error.*—Instructions are to be read as a whole, and if, when so read, the jury could not have been misled, their verdict will not be disturbed on account of an error or doubtful statement of law in a single instruction.

Error to a judgment of the Circuit Court of Henrico county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

Cabell, Talley & Cabell, for the plaintiff in error.

L. O. Wendenburg, for the defendant in error.

BUCHANAN, J., delivered the opinion of the Court.

The plaintiff in the court below, the defendant in error here, brought his action against the Virginia-Carolina Chemical Company to recover damages for personal injuries resulting to him by reason of the alleged failure of the defendant to furnish reasonably safe and sound appliances and instrumentalities with which to work whilst engaged, as is averred, in its service, along with others, in the construction of a warehouse.

At the time the plaintiff was injured he was assisting in raising lumber by means of a rope, which ran from the ground floor to the top of the building, there passed over or through a block and then came down about ten or fifteen feet to and

through a snatch-block, and over the wheel of the same to a piece of machinery used for winding the rope, thus raising the lumber. The duty of the plaintiff was to remain on the ground and take charge of a guy rope, used in guiding and controlling the lumber, to which the lower end of the rope was fastened, in its ascent to the upper part of the building. Whilst performing that duty, as a load of lumber was being carried up by means of the appliances above described, and when the lumber had gotten about half way up to its landing place, the rope was caught over the edge of the wheel in the snatch-block, as is alleged, and thereby broken or cut, causing the lumber to fall upon the plaintiff, inflicting the injuries complained of.

Upon the trial of the cause the plaintiff introduced a witness, who was shown the snatch-block and asked to tell the jury whether or not it was a safe appliance, and if it was not, to state in what particulars it was unsafe. Another witness was shown the snatch-block, the wheel of which had been broken since the accident happened, and was asked to explain to the jury how it came about that the strands of the rope which was used should separate and one strand should pass over the edge of the sheave, and if there was, anything about the snatch-block that would explain that, to point it out to the jury. He was further asked where an experienced man who had charge of the guy rope and was guiding the lumber as it was being carried up, would stand in safety to himself and at the same time perform his duty. All these questions were objected to, because the appliance used in raising the lumber being simple it was not a case for expert evidence, and was an effort to substitute the opinion of the witness for the opinion which the jury were to form from the facts. The court overruled the objections and permitted the witnesses to answer the questions. This action of the court is assigned as error.

"No principle of law is better settled," as was said in the case of *Southern Ry. Co.* v. *Mauzy,* 98 Va., 692, 694, 37 S. E. 285, 286, "than that the opinions of witnesses are in general

inadmissible, that witnesses can testify to facts only, and not to opinions or conclusions based upon the facts." That was a case where the plaintiff had been injured in loading car wheels, and it was held that the trial court erred in permitting certain witnesses to testify, even if they had been shown to be experts, as the question of danger or safety in loading car wheels in a particular mode is one which any person of common intelligence and observation could as readily determine as the so-called experts.

While the general rule is as above stated there are exceptions to it; but there is nothing in the case under consideration, so far as we can see, to take it out of the general rule. When all relevant facts can be or have been introduced before the jury and the latter are able to deduce a reasonable inference from them, no reason exists for receiving opinion evidence, and it is inadmissible. See 17 Cyc. 41; *Va. Iron &c. Co.* v. *Tomlinson,* 104 Va. 254, 51 S. E. 362; *Guarantee Co.* v. *Nat'l Bank,* 95 Va. 492, 28 S. E. 909.

Another assignment of error is to the action of the court in permitting the plaintiff to introduce in rebuttal a letter from the attorneys representing the defendant to the clerk of the court, directing him to have summoned for the defendant certain witnesses, in which it was stated that all the witnesses whose addresses were not given were working for the defendant at its plant where the accident happened. Among the witnesses named, and whose address was not given, was William Haw, who was introduced as a witness by the defendant, and who testified that he was an independent contractor to erect the warehouse for the defendant, and that the plaintiff when injured was in his service and not in the service of the defendant. Upon cross-examination it is claimed that he testified that he had informed the attorneys of the defendant of this fact before the former trial of the case in which that defense was not made nor relied on until the latter part of the trial, when Haw testified that he was an independent contractor. The admission of

the letter was objected to, but the court overruled the objec-tion and admitted it in evidence, upon the ground that it tended to rebut Haw's statement that he was an independent con-tractor, or, in other words, to impeach Haw, as the counsel of the plaintiff insists in his brief.

One of the recognized modes of impeaching a witness is by proof of prior inconsistent or contradictory statements made by him, verbally or in writing. But neither verbal statements nor writings of persons other than the witness to be discredited, for which he is not responsible and which have not been ap-proved by him, are admissible in evidence to contradict him. See *Field* v. *D. L., &c., R. Co.,* 69 N. J. L. 423, 435, 436, 55 Att. 24; *Buel* v. *State,* 104 Wis. 132 147, 149, 80 N. W. 78; 30 Am. & Eng. Enc. L. 113.

There is no pretense that the witness Haw had ever heard, much less approved, of the letter which the court permitted to go to the jury to impeach him.

Neither do we think that the letter was admissible as an admission on the part of the attorneys that the witnesses named were employees of the defendant at the time of the injury com-plained of. The letter was written solely for the purpose of directing what witnesses were to be summoned and where they could be found, and for no other purpose. While the attorney of a party to a litigation has very broad powers in the manage-ment of his case, and his admissions generally bind his client in all matters relating to the progress and trial of the cause, yet to have this effect they must be distinct and formal, and made for the purpose of dispensing with the formal proof of some fact at the trial. 1 Greenleaf on Ev., section 186 Weeks on Attorneys, section 233; 1 Elliott on Ev., section 256; 4 Cyc. 949, 950.

The action of the court in admitting in evidence a copy of a paper headed "Immediate Report of Accident," signed by "H. Harlan, employer," in which it was stated among other

things that the plaintiff at the time of the accident was an employee of the defendant, is assigned as error.

The admissibility of the paper was denied on three grounds: First. That it is a copy and not the original; second, that the original was sent to the attorneys representing the defendant in this case, and is, therefore, a privileged communication; and, third, that it was not made by one who had authority to bind the defendant by his admissions.

It appears that the paper offered in evidence was one of three, all made at the same time by the same impression of the copying pencil.   One, called the original, was made to be sent· to the Travelers Insurance Company, in which it is claimed the defendant had a policy of indemnity, one to be sent to the manufacturing department of the defendant, and the other to be retained for its files.

The paper in question must be regarded as a triplicate original, and under the decision of *C. & O. Ry. Co.* v. *Stock,* 104 Va. 97, 51 S. E. 161, was, if otherwise proper, admissible in evidence.

It appears from the evidence of the cashier and chief clerk of the defendant company that it is a matter of routine, whenever an accident occurs for the superintendent to report the accident to the main office of the defendant, as we understand the evidence, and that office sends the report to the insurance company which has undertaken to indemnify the defendant. It appears that the report in question was made by the superintendent of the. Richmond Chemical Works, the place where the accident occurred and a branch of the defendant company's works.   It would, therefore, seem that the report was made in the line of the superintendent's duty, which would, if otherwise unobjectionable, render it admissible in evidence against the defendant under the case of *Lynchburg Telephone Co.* v. *Booker,* 103 Va. 594, 50 S. E. 148; see also *Western Union Tel. Co.* v. *Yopst,* 118 Ind. 148, 20 N. E. 222, 3 L. R. A. 224; 1 Ellitt on Ev., section 255; 16 Cyc. 1019, 1023.

It is claimed that the superintendent had no personal knowledge of the accident, and this claim seems to be borne out by the evidence. This would not render the report inadmissible, but only affects its weight.

The remaining ground of objection to the admission of the report is that it was a privileged communication. The report was sent to "Messrs. Cabell & Cabell." The evidence tends to show that they were the attorneys of the insurance company, as well as the attorneys of the defendant, but it does not clearly appear whether the report was sent to them as attorneys of the defendant or as attorneys of the insurance company. If sent to them as attorneys of the insurance company it was clearly not a privileged communication any more than if it had been sent directly to the insurance company. Neither do we think it was a privileged communication if sent by the defendant to Cabell & Cabell as its attorneys.

It was held in the case of *Skinner* v. *Great Northern Ry. Co.,* I. R. 9 Exch. 298, that where an accident occurs on a railway and the officials of the company in the course of their ordinary duty make a report to the company, whether before or after action brought, the report is not privileged. But when a claim has been made and the company seeks to inform itself by a medical examination as to the condition of the person making the claim, the report made to them is privileged.

In the case at bar the report in question was made by an official of the defendant in the course of his ordinary duty immediately after the accident, before any action had been brought or threatened. A report made under those circumstances, although the original or a copy of it was afterward communicated to the defendant's attorneys when suit was threatened or brought, is not a privileged communication within the reason of the rule under the authorities. See 4 Wigmore on Ev., sections 2307, 2308, 2318, and cases referred to in the notes.

It is unnecessary to consider the assignment of error based on bill of exception No. 8, as the question involved is not likely

to arise upon the next trial, since, as we have seen, the copy or triplicate original of the report of the accident offered in evidence was admissible without notice to produce the original. The fact that the defendant was insured against accidents could throw no light upon the question of whether or not the defendant was guilty of negligence. It may be true that the fact of insurance might have the effect of lessening the reason or motive of the defendant to be careful; but the question for the jury to pass on was not of how much or how little motive the defendant may have had for being careful, but whether as a matter of fact it had exercised reasonable care.

As was said by the Supreme Court of Maine, in the case of *Sawyer* v. *Shoe Co.,* 90 Maine 369, 38 Atl. 333, "to allow juries in cases of this kind to take into consideration the fact that an employer has insured against accident would do more harm than good, and would increase the already strong tendency of juries to be influenced in cases of personal injury, especially where a corporation is defendant, by sympathy and prejudice." See also *Trombley* v. *Harndon,* 162 Mass 383, 38 N. E. 972; *Cosselman* v. *Dunfer,* 172 N. Y. 507, 65 N. E. 494.

The action of the court in giving instruction No. 1, asked for by the plaintiff, is assigned as error. The objection made to the instruction is that it "does not define what in law constitutes an employee of the defendant company. In this case the issue was sharply drawn as to whether Knight was a servant of the defendant company, under its direction and control, or whether he was the servant of an independent contractor. The instruction fails to make clear this distinction."

If this had been the only instruction given there would be, under the facts of this case, much force in the objection made to it; but when read in connection with the defendant's instruction No. 1, as it must be, the jury could not have been misled by it. The defendant's instruction No. 1 clearly informed the jury that the relation of master and servant did not exist be-

tween the defendant and the plaintiff if Haw was an independent contractor and the plaintiff was employed by him.

As the evidence will be different upon the next trial, it is unnecessary to consider the assignment of error based upon the refusal of the court to set aside the verdict because contrary to the evidence.

The judgment complained of must be reversed, the verdict set aside and the cause remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*