## Ballard & Ballard Company v. Durr.

(Decided June 18, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Trial—Instructions.—Instructions should be confined to the issues presented by the pleadings, and the evidence supporting the pleadings.

2. Negligence—How Pleaded.—Where negligence complained of is stated in general terms, any specific acts of negligence may be relied on, but if the specific acts constituting the negligence complained of are alleged, acts not alleged in the pleadings can not be proven nor relied upon.

3. Negligence—Instructions.—If the negligence relied upon is specific, the party is confined to such negligence as he has specified. An instruction is not authorized upon an issue not made in the pleadings.

4. Negligence—Personal Injuries—Evidence.—In an action for personal injury, where specific acts of negligence are relied upon, evidence of other acts of negligence is not admissible.

5. Negligence—Evidence.—A fact, which is relevant and competent to be proven in support of the specific act of negligence relied upon, is not rendered inadmissible, because it is, also, proof of some act of negligence not relied upon nor specifically plead.

6. Evidence—Res Gestae—Definition of.—Res gestae are acts, as well as words, and are the circumstances, facts, and declarations, which grow out of the main fact, or are contemporaneous with it, and serve to illustrate its character.

BRUCE & BULLITT and GROVER C. SALES for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing:

In February, 1913, the appellee, Mary Durr, in company with her husband, was traveling over the Louisville & Shelbyville pike, in a wagon, which was drawn by two mules, and going in the direction of Louisville, when, near Tarascon, they met upon the road an automobile, which was owned by the appellant, Ballard & Ballard Company, and was being driven by an employee of the company, in the transaction of its business. The wagon was being driven by the husband of appellee, and at the point of meeting it was descending an incline, and the automobile was descending an incline from the other direction. When the wagon and automobile had arrived within seventy-five or one hundred yards of each other, the appellee and her husband both gave signals of warning to the driver of the automobile, by appellee holding up and waving her hand, and her husband by standing up in the wagon and waving his cap over his head. Although the chauffeur says that he saw the signals, he did not stop the machine nor lessen its speed. The machine was proceeding at the rate of about twelve miles per hour. The appellee claims that

before the automobile approached, the wagon was stopped, when the automobile came on and struck the mules, which caused them to wheel around, and the automobile went right on forward, the wagon turned over, throwing appellee out upon the ground, and greatly injuring her. The driver of the automobile claims that the road at the point of meeting was seventeen feet in width; that he and appellee each gave the other all the road necessary to enable each to pass, and that he did not strike either the mules or the wagon with the automobile. He saw no signals from appellee or her husband until he was withing seventy-five or one hundred feet of the wagon, and he did not stop the machine, because to stop the machine so close to the team is more calculated to frighten it than to pass on by. He passed the wagon and stopped within twenty-five or thirty feet. The mules did not show any evidence of fright as the machine approached them. The team was not stopped until the wagon turned over. He saw the team and wagon when they were within three hundred yards or four hundred yards of him, but, as above stated, he saw no signals from appellee until within seventy-five or one hundred feet; that he could then have stopped the machine within fifteen or twenty feet, but the team coming on at the same time, the stop could not have been made until the machine and mules were within five or six feet of each other. He did not slacken the speed of the machine until he had passed the wagon and heard the appellee scream.

The appellee filed this suit in the Jefferson circuit court against appellant, seeking to recover damages of it for the injuries sustained by her, which appear to have been serious and permanent.

The cause of action set out in the petition and the negligence of appellant relied upon for recovery is specifically set out in the petition as follows:

"She states that through and by the gross negligence of the defendant, through its said agent, then in charge of said automobile, the same was negligently and carelessly run into, upon and against the team and vehicle in which the plaintiff was riding, with such force and violence as to overturn the wagon in which plaintiff was riding, throwing her with great force and violence to the ground, thereby severely injuring her upon her ankle, the ankle of her right limb, and otherwise injuring said

right limb, and the bones thereof, from which she has suffered great mental and physical pain and anguish, and will so continue to suffer the remainder of her life.''

The appellant denied by answer the affirmative allegations of the petition, and, also, plead that the appellee was guilty of contributory negligence. The averments, with reference to contributory negligence, were denied by reply.

Upon these issues a trial was had on the 13th day of October, 1913, which resulted in a verdict of the jury, and a judgment of the court in appellee's favor, for the sum of $2,500.00. Upon this trial the appellee proved without objection from the appellant, that before meeting the automobile, and when it was within seventy-five to one hundred yards of the wagon, that she signaled to the chauffeur, by holding up and waving her hand, five or six times, and that her husband stood up and signaled to him by waving his cap, and that the automobile driver did not stop the machine nor give any heed to their warnings, in any way. The appellant objected to the instructions given to the jury, and his objections being overruled he saved an exception. The appellant filed grounds and moved the court for a new trial, basing its grounds upon the alleged error in regard to the giving of instructions and other errors. The court sustained the motion and grounds for a new trial, to which the appellee objected and excepted.

On the 4th day of December, the case, again, came on for hearing, and the trial resulted in a verdict of the jury and judgment of the court in favor of appellant. Upon this trial, over the objection of the appellee, the court refused to allow her to put in evidence the facts in reference to the warnings given by her and her husband to the chauffeur of the automobile, as it approached the team and wagon. The appellant, at the close of the evidence for the appellee, and at the close of all the testimony, moved the court to direct the jury peremptorily to find a verdict for it, which motions were overruled. The appellee offered instructions, in writing, which the court refused to give, and appellant offered an instruction, bearing directly in concrete form upon the negligence claimed in the petition, which the court refused, and then gave the same instructions, as were given upon the first trial. The appellee filed grounds and moved the court to grant a new trial. The grounds

relied upon were alleged errors of the court in excluding the statements of appellee, with reference to signals given the driver of the automobile, just preceding the alleged collision, and in refusing instructions offered by her, and in giving instructions. The court sustained the motion of appellee for a new trial, and set aside the verdict and judgment, to which appellant excepted. Thereafter the appellant moved the court to set aside the order granting a new trial, which was overruled and exception taken.

Thereafter, the case, again, came on for trial, in February, 1914, and resulted in a verdict of the jury and a judgment of the court in favor of appellee, and by which the amount of her recovery was fixed at the sum of $2,650.00. The appellant filed grounds and moved the court to set aside the verdict and judgment. The grounds relied upon were the alleged errors of the court in permitting, over its objection, the proof of the signals given by appellee and her husband to the chauffeur, just preceding the alleged collision, and in giving of instructions and refusing the same instruction offered by appellant on the second trial. The motion for a new trial was overruled, and appellant now comes to this court.

The instructions given by the court were the same upon each trial. If the instructions were erroneous, the court was not in error in setting aside the first verdict and judgment, and was in error, when it overruled appellant's motion for a new trial after the judgment appealed from was rendered. If the court was in error in admitting the facts in regard to the signals given by appellee and her husband to the chauffeur of the automobile, as evidence, it was in error in refusing a new trial after the last judgment. If it was error in the trial court to exclude these facts from the evidence upon the second trial, the court was not in error, when it granted a new trial after the second judgment.

The instruction given by the court, upon each of the trials, and which appellant insisted was prejudicial to it, was as follows:

"1. It was the duty of the driver of the automobile to exercise ordinary care to avoid injuring anyone upon the road, and that duty included the duties of running his car at a reasonable rate of speed, and of having it under reasonable control. If you believe from the evi-

dence that the driver of the automobile failed to observe any one of the duties just mentioned, and by reason of such failure, if any there was, he caused the injury to the plaintiff, then the law is for the plaintiff and you should so find. But, unless you so believe from the evidence, then the law is for the defendant and you should so find."

The second instruction given defined correctly the measure of damages, if the jury should find for appellee, and the third instruction gave a correct definition of ordinary care. These were all the instructions given.

Upon the issue, which determined whether the plaintiff or defendant ought to succeed, the instruction set out above contained all the advice from the court to the jury. It will be observed that no complaint was made in the petition, that appellant's car was not operated at a reasonable rate of speed, or that the chauffeur did not have it under reasonable control, or that his failure to operate it at a reasonable rate of speed, or to maintain a reasonable control over it, was not alleged as being in any wise, the cause of the injuries sustained by the appellee, nor is it alleged that he failed to exercise ordinary care to prevent injury to anyone upon the road. The propositions of law embraced in the instruction are correct as abstract propositions, and in a case embracing issues, which would justify the giving of such an instruction, it would be proper to advise the jury as therein stated. The issue was squarely made in the pleadings and in the evidence, as to the cause of the injuries. The appellee specifically alleged that the injuries were caused by the driver of the automobile negligently driving the machine into, upon and against the team and wagon, in which appellee was riding, and thereby overturning the wagon and throwing her to the ground. If the automobile was not driven into, upon or against the team and wagon and thereby causing it to overturn, it would be immaterial as to what rate of speed it was traveling, or whether under control or not, or whether the driver was exercising ordinary care to prevent injury to anyone upon the road, because all of these failures of duty upon his part would have resulted in no harm to appellee. The plaintiff, in a suit at law, selects his own cause of action, and must succeed upon it, if he succeeds at all. The defendant is only called upon to defend such unlawful acts as he may be charged

with in the pleadings. The instruction complained of enabled the jury to find a verdict for appellee on account of something of which she did not complain, and which is not charged or relied upon in the pleadings. If the driver of the automobile refused to heed the signals given him by the appellee, and drove his car at an unreasonable speed, and thereby frightened the team and caused it to turn over the wagon, the jury would be authorized to find a verdict for appellee under the instruction given, although it would be for an allegation of negligence entirely different from the one sued upon, and upon an issue not made in the pleadings.

In the case of Bowlin v. Archer, 157 Ky., 540, it was said:

"It is an elementary rule of practice, that instructions should be confined to the issues presented by the pleadings and the evidence."

In L. & N. R. R. Co. v. McGary's Admr., 104 Ky., 517, it is said:

"Having elected to specify wherein the negligence consisted, upon which he bases his claim for recovery, he cannot under these pleadings, recover by showing a different character of negligence."

In Edwards' Admr. v. C. & O. Ry. Co., 32 R., 1241, this court said:

"The rule is well settled, that a plaintiff in an action for personal injuries, caused by the negligence of the defendant, may allege the negligence complained of in general terms, and having done this, may show any specific acts of negligence which the testimony warrants; but, if on the other hand he alleges specifically the acts constituting the negligence complained of, he cannot avail himself of other acts, not alleged in the pleadings."

In Gaines & Co. v. Johnson, 32 R., 58, the court said:

"But if special damages are sought to be recovered or the negligence is specified, then in the first instance the special damages must be averred, and in the second the pleader will be confined to the negligence relied upon.

"The instructions should conform to and follow the pleadings. An instruction is not authorized upon an issue not made or presented in the pleadings." This same principle is maintained in C., N. O. & T. P. Ry. Co. v. Crabtree, 30 R., 1000; L. & N. R. R. Co. v. Dickey, 31 R., 894; Lexington Ry. Co. v. Britton, 130 Ky., 676;

Murray v. C. & O. Ry Co., 139 Ky., 379; Bogenschutz v. Smith, 84 Ky., 330.

The system of pleading, in our courts, the system under the common law as well as under the Code, has for one of its chief ends, to require the parties to come to an issue or issues, and then the court must conform the instructions given to the issues of the case made by the pleadings, and if this rule is not adhered to, a litigant will not know what he is called to prove or to defend.

For the reasons above stated, the court was in error in giving the instruction complained of over the objection of the appellant upon each of the trials. The appellant offered an instruction confining the right of appellee to recover, upon the jury believing from the evidence that the acts relied upon by the appellee for recovery, occurred. The court should have given in place of instruction No. 1, herein set out, an instruction, directing the jury to find for appellee, if it believed from the evidence that the appellant's chauffeur did the specific things alleged in the petition as having caused appellee's injuries, and if it did not so believe, to find for defendant.

The remaining question to be determined is, whether or not the statements of appellee and of the chauffeur, as to the warnings given by appellee and her husband to the chauffeur, by holding up and waving their hands, just immediately preceding the alleged collision of the automobile and the team and wagon, are competent to be admitted as evidence. We are not unmindful of the long line of adjudications, which have held that in an action for personal injury, where specific acts of negligence are relied upon, that evidence of other acts of negligence are not admissible. This rule, however, would not render the proof of a fact inadmissible, because it was, also, proof of some act of negligence, other than alleged in the pleadings, if it was, also, evidence which would go to the support of the specific acts of negligence relied upon in the pleadings. If appellee had have, in general terms, alleged that her injuries resulted from the negligence of the chauffeur, the proof of the signals to him would have been unquestionably competent and admissible. If the chauffeur ran the machine into the team and wagon, when the road was sufficiently wide for him to have passed by without coming in contact with

the team and wagon, and it appears to have been so,. then the negligence which caused him to do so, must have arisen, either from his utter disregard for the safety of appellee, or from the fact that after seeing the appellee and being warned of her presence, he did not use ordinary care to have his machine under such control, that it would have enabled him to pass without coming in contact with the team and wagon, and that there was an absence of care upon his part to avoid a collision with the team and wagon. While the negligence complained of in the petition, is that the chauffeur negligently drove the machine against the team and wagon, and thereby caused the wagon to upset, and such must be proven, before appellee is entitled to recover under the pleadings, yet, any fact or circumstance which is relevant, is competent evidence to show that the negligence of the chauffeur was the cause of the collision, and to illustrate the nature of his acts, and to show why the chauffeur failed to avoid a collision with the team and wagon, as it was his duty to do, and such fact or circumstance would not be incompetent, because it would be admissible to be proven in support of an averment of some act of negligence, which might have been relied upon in the petition, but was not relied upon. The allegation in the petition was that the chauffeur negligently run into and against the team and wagon,. and the signals to him were a warning to him of the situation of appellee and the necessity for him to exercise care to avoid coming in contact with her team and wagon, and was competent evidence, bearing upon his. want of care. These alleged warnings, which the chauffeur says that he saw, were a part and parcel of the transaction, which resulted, as appellee claims, in the automobile running into and against her team and wagon; were participated in by the actors in the transaction; and took place in point of time just a few seconds before the alleged collision, and at the same place. To illustrate, if one was seeking the recovery of damages against another for negligently wounding him with a gun, and the allegation of his petition was, that such one negligently shot him, it could not be said, that proof of the fact, that a few seconds preceding his wounding, he requested the one wounding him to be careful in the handling of the gun, was not competent evidence.

In McLeod, Receiver, v. Ginther's Admr., 80 Ky., 403, this court, in discussing what things constitute *res gestae,* and which are admissible as original evidence, said:

"The general rule is that all declarations made at the same time the main fact under consideration takes place, and which are so connected with it as to illustrate its character, are admissible as original evidence, being what is termed a part of the *res gestae;* in other words, a part of the thing done."

The warnings given, in the instant case, were signals made with their hands, instead of words used. If appellee had have cried out a warning to the chauffeur not to run into the team and wagon, the admissibility of evidence of such cry could not be questioned. *Res gestae* are acts as well as words, and have been defined as the circumstances, facts, and declarations which grow out of the main fact, or are contemporaneous with it and serve to illustrate its character. Sterling v. Buchingham, 46 Conn., 461.

In 34 Cyc., 1642, *res gestae* are defined as "things done; the facts of the transaction,   *   *   *   the surrounding facts of a transaction, explanatory of an act or showing a motive for an act; matters incidental to a main fact, and explanatory of it, including acts and words, which are so closely connected with a main fact as will constitute a part of it, and without which the main fact might not be properly understood,   *   *   *   the circumstances, facts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character, including everything which may be fairly construed as an incident of the event under consideration."

The signals to the chauffeur, in the instant case, were a part of the things done by the actors in and at the same time with the main transaction, which was the running into the team by the automobile and the turning over of the wagon; they surround the main transaction and occurred at the same place; they are contemporaneous with it and serve to illustrate its character; and help to determine the truth or falsity of the issue of negligence, and are relevant to the issue.

The testimony of E. E. Lawrence, as to what was said in his presence by the driver of the automobile, after the injury in reference to the cause of the injury,

was not competent as against appellant, as substantive testimony; but might be proven for the purpose of contradiction, under a proper admonition to the jury. McLeod, Receiver, v. Ginther's Admr., *supra;* L. & N. R. R. Co. v. Webb, 90 Ky., 332.

We conclude that the court was in error in excluding upon the second trial the proof of the signals given by appellee and her husband to the chauffeur, when he was approaching them, just before the injury, and, therefore, was not in error in setting aside the verdict and judgment after the second trial; and was in error in instructing the jury upon each of the trials.

Upon the return of this case the appellee may, if she desires, amend her petition, so as to make the petition conform to the facts of the case.

For the reasons above stated the judgment appealed from is reversed, and the cause is remanded for proceedings in conformity to this opinion.

### DISSENTING OPINION BY JUDGE HANNAH.

The wrongful act pleaded in the petition as the basis of the plaintiff's claim of right to recover herein, was that the automobile was "run into, upon and against the team and vehicle in which this plaintiff was riding, with such force and violence as to overturn the wagon in which plaintiff was riding." This the defendant denied; and the issues between the parties thereby became clearly defined. The evidence in respect of the signals given by the plaintiff and her husband to the driver of the automobile tended neither to prove nor to disprove that the automobile did run into the team and wagon. It was therefore irrelevant.

Merely that a thing sought to be shown in evidence occurred contemporaneously with a happening, constituting a fact in issue, i. e., one which one party affirms and the other denies, and which, if established, operates to create or to assist in creating legal liability as sought to be imposed in the proceeding in which it is proposed to show such occurrence in evidence, does not render such fact a relevant fact. Contemporaneousness is not the criterion of relevancy.

As defined by Greenleaf (Sec. 1), the word "evidence" in its legal acceptation, includes all the means by which any alleged matter of fact, the truth of which

is submitted to investigation, is established or disproved.

In this case, the matter under investigation was whether the automobile ran into the team and wagon. This, as the court properly holds, was the issue tendered by the plaintiff and accepted by the defendant. And anything which tended neither to prove nor to disprove that the automobile ran into the team and wagon was not evidence and not entitled to go to the jury.

Chamberlayne (Sec. 4), says that evidence covers all the facts from which an inference may logically be drawn as to the existence of a fact under investigation. But no inference that the automobile ran into the team and wagon could be drawn from the fact that the plaintiff and her husband signalled the driver thereof.

As to the relevancy of evidence, Chamberlayne (Sec. 59) says: "The law furnishes no test of relevancy. For this, it tacitly refers to logic and general experience." As a proposition of logic, can it be contended that evidence of signals given proves or tends to prove that the automobile ran into the team and wagon?

But the court says this evidence was admissible as a *res gestae* fact. If the fact of signals given is a *res gestae* fact, it could only be termed such because it was contemporaneous with the fact in issue, i. e., that the automobile ran into the team and wagon. But contemporaneousness is not the test of relevancy. On the contrary, a fact is not a *res gestae* fact unless it be relevant.

"In the American view, every relevant fact is *ipso facto* part of the *res gestae*. This test is universal. So well settled has this habit of treating the subject become that not only is it said of every relevant fact that it is a part of the *res gestae*, but the statement is frequently reversed, and the negative form of the assertion employed, it being said of any fact deemed irrelevant, that it is not part of the *res gestae*, or perhaps, that it is no part of the *res gestae*. It may fairly be said therefore that *res gestae* and relevant are equivalent expressions in the usage of the American states adopting the extended scope of the phrase." Chamberlayne on Evidence, Section 2586.

It is said by the court that the evidence of signals given was admissible because illustrative and explanatory of the nature of the acts of the driver of the machine; but how the matter was illuminated thereby I

am unable to understand. The plaintiff charged that the automobile collided with the team and wagon; and defendant did not by its answer admit such collision and attempt to excuse itself therefor. So, under the pleadings, if the automobile did collide with the team and wagon, on a straight stretch of public highway, in broad daylight, that act was negligence *per se* (if the driver of the team was without fault), and it needed no illustration and no proof of negligent conduct other than the fact of collision.

As the court says in its opinion: "The appellee specifically alleged that the injuries were caused by the driver of the automobile negligently driving the machine into, upon and against the team and wagon in which appellee was riding and thereby overturning the wagon and throwing her to the ground. If the automobile was not driven into, upon or against the team and wagon and thereby causing it to overturn, it would be immaterial as to what rate of speed it was traveling, or whether under control or not, or whether the driver was exercising ordinary care to prevent injury to any one upon the road, because all of these failures of duty upon his part would have resulted in no harm to appellee."

The only matter which the evidence of signals could serve to illustrate or explain was the fact of knowledge upon the part of the driver of the automobile, that appellee and her husband were approaching, and the law charges him with knowledge of that fact whether he had it or not.

Therefore I believe that the evidence of signals given was not relevant, and that its explanatory character was not of such probative value as to justify its admission, conveying as it did an indirect imputation of a negligent act not pleaded or relied upon.

I would not be understood as contending that this evidence could not have been rendered competent by proper pleadings presenting a different issue than that joined herein, for instance the issue submitted to the jury by the instruction which the court concedes is erroneous. But upon the issue joined, such evidence was not relevant.

The citation from McLeod v. Ginther, copied in the opinion of the court, presents the rule I am contending for, i. e., that declarations made at the time the main fact under consideration takes place and which illustrates its character, are admissible. But does this evi-

dence of signals illustrate the fact of whether or not the automobile struck the mules?

The court quotes with approval in the case of Mc-Leod v. Ginther, the following excerpt from Starkie on Evidence: "If the declaration has no tendency to illustrate the question except as a mere abstract statement detached from any particular fact in dispute  *  *  * it is not admissible." And this rule, as I view it, is applicable to the evidence of the signals, in the case at bar.

Nor is the argument of the court, as I conceive the questions here involved, aided by the illustrative example, i. e., that if one should sue another for negligently wounding him with a gun, evidence of the fact that the wounded plaintiff had requested the defendant a few seconds prior to the shooting, to be careful in handling the weapon.

If in such an action, the defendant by answer should deny that he shot the plaintiff, what would be the probative value of evidence of such a request? Would it tend to prove or to disprove that defendant shot plaintiff, or that plaintiff was or was not shot?

It may be conceded that if the defendant by answer were to admit that he shot the plaintiff, but should plead that the shooting was the result of an unavoidable accident, evidence of such an admonition to be careful in handling it, would be admissible; but the defendant denying the shooting absolutely, I fail to see what the evidence of the admonition would illustrate or explain, or what probative value such evidence would possess.

Believing as I do that the evidence of the signals given was irrelevant, the question presents itself as to whether it was prejudicial to the appellant's substantial rights to admit it to the jury. "A growing tendency has been manifested by courts of last resort not to regard as prejudicial error the receipt of such (irrelevant) evidence." 16 Cyc., 1114.

But, in this case, the effect of the irrelevant evidence as to signals given, was incontestably to cast upon the driver of the automobile an imputation of possible wrong-doing in failing to bring the machine to a stop when so signalled, and the claim of plaintiff of right to recover herein is not based thereon.

The court in its opinion recognizes that the rule is well settled that a plaintiff in an action for personal injuries caused by the negligent act of the defendant, cannot avail himself of acts of negligence other than

those charged in the petition, where he has specified in his petition the negligent acts relied on as the basis of his claim of right to recover.

And, where the effect of irrelevant evidence is to convey to the jury a suggestion of possible wrong-doing by way of acts other than those relied on by the plaintiff in the specifications of negligence charged in the petition, prejudice must inevitably result.

In Greer v. L. & N., 94 Ky., 169, the plaintiff, a railroad brakeman, was directed by the conductor to uncouple two cars from a train which was backing in on a track. He found the coupling apparatus defective, and walked alongside the moving train while engaged in an effort to disengage the coupler, and finally he got inside the rails. After taking a step or two, a splinter of steel on the guard rail stuck in the toe of his shoe; he was thrown to the ground, and the car ran over his leg. While this was occurring the engineer had increased the speed of the train. In his petition he charged only that the defendant had negligently driven its train over and upon his leg. Upon the trial, witnesses were permitted to testify over defendant's objection that the coupling apparatus was defective and the guard rail in like condition.

In reversing the judgment, because of the admission of this evidence, the court said:

"This testimony was objected to by the defendant, and we think the objection should have been sustained. These circumstances, if regarded as a mere matter of detail, or as incidents of the transaction, might not have been objectionable, as it is hardly possible to detail the occurrence without stating all the conditions and surroundings as they existed at the time. But witnesses were introduced solely on these matters, and for the express purpose of making them the basis of a claim for damages. This was not proper under the pleadings. The unsafe or defective condition of the track, or any portion of the train's make-up, or the sprained condition of the plaintiff's arm, was not the subject matter of inquiry. These defects were not alleged as grounds of complaint or as matters of negligence. Nor are they so connected or interwoven in any way with the act of driving or operating the train—the only negligence charged in the petition—as to be the proper subject of testimony. That its introduction was prejudicial to the defendant is apparent; indeed, the

argument of plaintiff's counsel in this court consists largely in denouncing the negligence of defendant, as shown by the unsafe track and the crooked pin. What must have been his appeal to the jury?"

In the case at bar, it was easily possible to have shown the negligent act pleaded, i. e., that the automobile struck the team and wagon, without showing that the signals were given. The signals were not so interwoven or connected with the act of collision as to render it impossible to detail the one without the other; and, tending as it did, to convey to the jury the covert suggestion of negligence in respects other than that pleaded and relied upon as the basis of the claim of right to recover, the evidence of the signals was manifestly prejudicial to the defendant.

I am fortified in this view by the fact that this evidence on the first trial was permitted to go to the jury, resulting in a verdict for $2,500, while on the second trial it was excluded from the jury, resulting in a verdict for the defendant, and on the third trial it was again permitted to go to the jury, resulting in a verdict for $2,650.

The instructions on all three trials were identical. And it may be further remarked that the driver of the machine testified that he did not drive it within three feet of the mules or wagon; and that he, as well as a disinterested bystander, testified that he saw no marks of injury on the mule, although plaintiff testified that the shoulder of the mule was lacerated by the impact of the machine.

In the light of these facts, I am constrained to believe that the covert suggestion of negligent operation of the machine in failing to stop, conveyed by this testimony of signals given, was the cause of the verdict on the first and third trials, in favor of the plaintiff. Believing this, the conclusion is irresistible that the irrelevant testimony of signals given was prejudicial to the substantial rights of the appellant. With this evidence excluded, the appellant fairly won a verdict on the second trial, even under the handicap of instructions which this court holds were prejudicial to its substantial rights.

In this connection, it may be remarked that the embarrassment occasioned by the attempt to recover upon the theory of an act of negligence other than that re-

lied upon and charged in the petition, was exhibited when the court came to instruct the jury.

Instruction No. 1 (copied in the opinion, *supra*), permitted a recovery by the plaintiff even though the jury did not believe from the evidence that the automobile struck the mules and overturned the wagon as charged in the petition; and with such an instruction, and with evidence admitted of signals given and a failure to stop, it is easy to understand how the jury found for the plaintiff, even though the weight of the evidence did show that there was no actual collision, but that the mules became frightened and swerved to one side, causing the wagon to be overturned.

This same embarrassment, occasioned by an attempt to recover upon a ground of negligence not pleaded, is evidenced by the refusal of the trial court to give the instruction asked for by defendant, directing the jury to find for it if they believed from the evidence that the automobile did not run into or against the team and wagon with such force and violence as to cause it to be overturned.

Because the instruction did not follow the petition in respect of the acts of negligence asserted as the basis of the claim of right to recover, this court is reversing the judgment, and in this I concur; but I further contend that, as the record clearly shows that the trial court set aside the second verdict because of a belief that it was error to exclude the evidence of signals given, when in law such action was not erroneous (the evidence being irrelevant), the second judgment should be reinstated.

The rule is well settled that where the lower court grants a new trial because of a view of the law of the case which is not sustained by this court, the order will be set aside and judgment entered on the former verdict. Crowley v. L. & N., 21 R., 1434, 55 S. W., 434; Richards v. L. & N., 20 R., 1478, 49 S. W., 419; Perkins v. Ogilvie, 148 Ky., 309, 146 S. W., 735; Meek v. Patton, 12 R., 796; Anderson v. Republic Iron & Steel Company, 107 S. W., 220, 32 R., 723; Nolan's Admr. v. Standard Sanitary Mfg. Co., 111 S. W., 290.

The lower court having set aside the second verdict because he excluded the evidence of signals, when in law such evidence was (as I believe) irrelevant and his action therefore erroneous, I contend that the second judgment should be reinstated; and for these reasons, I dissent from the opinion of the court.