[No. 14446.  Department One.  April 5, 1918.]

Louis Singer, *by his Guardian etc., Respondent,* v. Metz Company, *Appellant.*[1]

APPEAL—BOND—TIME FOR FILING. Under Rem. Code, § 1721, providing that an appeal shall be ineffectual unless at or before the time of giving notice or five days thereafter, an appeal bond shall be filed, an appeal bond filed 83 days before the giving of notice is sufficient.

SAME—ABSTRACT — AMENDMENT — DISMISSAL. Under Rem. Code, § 1730-6, giving appellant an opportunity to amend or supplement the abstract if deficient, failure of the abstract to conform to court rules is not ground for dismissing the appeal in the first instance.

SAME—ABSTRACT—SUFFICIENCY. An abstract will not be struck out for defects that are amendable such as omissions in the title page; and it is not necessary to set out the pleadings or evidence in full.

APPEAL—REVIEW—VERDICT. Where the evidence was conflicting and the case was submitted on proper instructions, error cannot be predicated on the insufficiency of the evidence.

EVIDENCE—ADMISSIBILITY—RES GESTAE — DECLARATIONS AGAINST INTEREST. In an action for injuries sustained in an automobile collision, the statement by defendant's driver, taken down by a clerk in the police department that he had "cut the corner," is inadmissible either as part of the *res gestae* or as a declaration against interest by a party to the suit.

WITNESSES—IMPEACHMENT. Where a passenger in an automobile testified that the driver did not admit that he "cut the corner," the driver's statement that he had done so, taken down by a clerk in the police department, is inadmissible to impeach the witness; since a witness cannot be impeached by statements of others for which he was not responsible, and because it related to a collateral matter.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 24, 1917, upon the verdict of a jury rendered in favor of the plaintiff for personal injuries sustained in an automobile collision. Reversed.

[1] Reported in 171 Pac. 1032.

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellant.
*Leopold M. Stern* and *J. W. Russell,* for respondent.

FULLERTON, J.—The respondent Louis Singer was riding a motorcycle, proceeding north on one of the streets of the city of Seattle, and an employee of the appellant was driving an automobile south on the same street, each on the proper side of the street under the law of the road. The driver of the automobile turned to the left, crossing the course of the motorcycle at an intersecting street which the two vehicles approached from opposite directions at about the same time. A collision occurred in which the respondent was seriously injured. The respondent brought the present action for damages, based on the alleged negligence of the driver of the automobile in failing to conform to the city ordinance requiring that vehicles turning from one street into another should make the turn around the center of the intersecting streets; the charge being that the driver "cut the corner of the street," or, in other words, made a turn short of the center of the intersection instead of rounding that point. This was denied by the appellant, and the defense of contributory negligence set up. On submission to a jury, a verdict was returned awarding the respondent $2,500 damages, and from the judgment thereon this appeal is prosecuted.

A motion to dismiss the appeal is made by the respondent on the ground that it is ineffectual because the appeal bond was filed some eighty-three days before the notice of appeal was served. Our statute provides that "an appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party . . . be filed with the clerk of the superior court." Rem. Code, § 1721. It ap-

pears that the notice of appeal was regularly given within the statutory time. The statute requiring an appeal bond, it will be noticed, permits it to be filed before the time when the notice of appeal is given or served and contains no limitation upon the extent of such antecedent period of time. *Laurendeau v. Fugelli,* 16 Wash. 367, 47 Pac. 759, is cited by respondent in support of his contention that the filing of the bond was premature, but it will be noted that our holding in that case is based on the fact that the appeal bond was filed prior to entry of judgment as well as prior to the notice of appeal. Under the statute then in force (Laws 1891, p. 342, § 6), the bond was required to be filed within five days after notice of appeal.

The respondent also urges as a ground for the dismissal of the appeal that the appellant's abstract of the record fails to comply with the statutes and rules of court. But this is not a ground for the dismissal of an appeal in the first instance. Under § 1730-6 of the Code (Rem.) the appellant must be given an opportunity to amend or supplement the abstract if it is found deficient, and the abstract stricken only after the opportunity is given and a refusal is made to supplement or amend. No order of the court for amendment of the abstract having been made, the motion for dismissal on the ground of its insufficiency is not well founded.

A motion is likewise made to strike the abstract of record on the grounds, that the title page does not disclose the court and judge before whom the cause was tried nor the names and addresses of the attorneys; that the pleadings are set out in full instead of being abstracted; and that portions of the evidence and the whole of the instructions are omitted. We find in this no sufficient ground for striking the abstract. The title page is capable of amendment. The rule does not exact the statement of the pleadings in substance, but

permits literal copies if the litigant deem them essential to show error. As to omissions of evidence and instructions, the statute and rules of court require the incorporation of such matters only as are deemed necessary to show the errors involved. Provision is made for the filing of a supplemental abstract by opposing counsel covering matters omitted and deemed essential to correct or supplement the original abstract, and ordinarily this is the sole remedy. But aside from this, ample remedies are provided for amending insufficient abstracts other than the striking them from the record on appeal, and they will not be stricken until these remedies are resorted to without success.

The motions are denied.

The appellant first asserts that it was entitled to a directed verdict, both at the close of respondent's evidence and at the conclusion of all the evidence, and to judgment notwithstanding verdict, on the grounds that the evidence failed to show negligence on its part, that it showed contributory negligence on the part of the respondent, and that it showed that the accident occurred while the automobile was being used by an employee of appellant, not in the course of his employment, but surreptitiously for the purpose of a Sunday pleasure trip by the employee. The evidence on all of these questions was conflicting, the case was submitted to the jury under proper instructions directed to these issues, and accordingly no error can be predicated upon the sufficiency of the evidence.

The second contention is that the court erred in the admission of evidence. The evidence introduced to show negligence on the part of the appellant was that its driver had cut the corner in turning from the one street into the other, instead of rounding the center of the intersection of the two streets as required by the city ordinance. This was one of the vital issues in the

case and the evidence upon it was conflicting. The driver of appellant's automobile at the time of the accident left the state shortly thereafter and was not present as a witness at the trial. He had made statements in reference to the accident in reporting it to the police department, and these statements, which had been taken down in shorthand by a clerk in the department and afterwards written out, contained a purported declaration on the part of such driver that he had cut the corner of the street in making the turn. The declaration was not directly admissible in evidence on the theory of *res gestae* nor as a declaration against interest made by a party to the action. *Patterson v. Wabash St. L. & P. R.*, 54 Mich. 91, 19 N. W. 761; *Scheel v. Shaw*, 252 Pa. 451, 97 Atl. 685; *Ballard & Ballard Co. v. Durr*, 165 Ky. 632, 177 S. W. 445.

It was, however, introduced under the guise of impeaching testimony. The witness Spangler, who accompanied the driver Helvey to the police office, was cross-examined as follows:

"Q. Is it not a fact, Mr. Spangler, in making his report to the police department Mr. Helvey said, 'I cut the corner in making that turn . . . Said so in your presence, didn't he? A. No. Q. You heard and remember what he said. A. I heard every word. Q. And if he made such a statement, did you correct it there in the police department? A. I did not correct it because I did not hear any such statement made. Q. Were you in a position where if such statement were made, you would have heard it? A. I would; yes. Q. You were right alongside of Helvey all the time? A. Right alongside of him, yes."

Timely and proper objections were interposed to this cross-examination by the appellant. In rebuttal the respondent placed on the stand the police clerk, and, over proper objection by appellant, elicited the following:

"Q. Have you your notes with you that you took at that time? A. Yes. Q. Turn to the statements made by Mr. Helvey first . . . In making that statement, did Mr. Helvey say this, or this in substance: 'I cut the corner—I cut the corner,' in speaking of the turn, of making the turn? A. Yes, he made that statement."

The court, as we say, permitted the admission of this evidence on the assumption that it was proper for the purpose of impeaching the witness Spangler. We think the trial court committed prejudicial error in allowing the introduction of such evidence. A witness cannot be impeached by statements of others for which he is not responsible and which have not been approved by him. *Virginia-Carolina Chemical Co. v. Knight,* 106 Va. 674, 56 S. E. 725; *Wharton v. Tacoma Fir Door Co.,* 58 Wash. 124, 107 Pac. 1057; *Louisville & N. R. Co. v. Webb,* 99 Ky. 332, 35 S. W. 1117.

The further reason suggests itself that the question to Spangler pertained to a matter collateral to the legitimate examination of Spangler, and in such a case contradictory evidence was inadmissible for the purpose of impeaching him upon such collateral matter. *State v. Carpenter,* 32 Wash. 254, 73 Pac. 357; *State v. Stone,* 66 Wash. 625, 120 Pac. 76; *State v. Schuman,* 89 Wash. 9, 153 Pac. 1084; *Wharton v. Tacoma Fir Door Co., supra.*

For error of the court in refusing to exclude the police clerk Wall's testimony as to declarations made to him by Helvey, the judgment is reversed, with directions to the trial court to grant a new trial.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.