[No. 15258.   Department Two.   July 14, 1919.]

Louis Singer, *by his Guardian etc., Respondent,* v.
Metz Company, *Appellant.*[1]

MASTER AND SERVANT (172, 182)—NEGLIGENCE OF SERVANT—SCOPE
OF EMPLOYMENT—EVIDENCE. The defendant's admission of ownership
of an automobile causing damages, and that the one driving it was
in his employ, establishes a *prima facie* case against the owner upon
the question of the driver's acting in the course of his employment.

EVIDENCE (34)—BURDEN OF PROOF—SHIFTING. The making of a
*prima facie* case by plaintiff does not of itself result in the shifting
of the burden of proof as to any facts which are necessary to sus-
tain the plaintiff's right of recovery not admitted by the defendant,
though defendant admitted facts raising presumptions making a
*prima facie* case for plaintiff.

MASTER AND SERVANT (172, 182)—EVIDENCE (34)—INJURY TO THIRD
PERSON—SCOPE OF EMPLOYMENT—SHIFTING BURDEN OF PROOF. In an
action for personal injuries sustained through the negligent driving
of an automobile, defendant's admission of ownership and that the
driver was in his employ at the time of the collision, does not shift
the burden of proof, which is still upon the plaintiff to establish
that the driver was acting in the course of his employment at the
time of the collision.

Appeal from an order of the superior court for King
county, Gilliam, J., entered October 24, 1918, granting
a new trial, after the verdict of a jury rendered in
favor of the defendant, in an action in tort.   Reversed.

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellant.
*Russell & Blinn (J. W. Russell,* of counsel), for re-
spondent.

PARKER, J.—The plaintiff, Singer, seeks recovery of
damages for personal injuries which it is claimed re-
sulted to him from the negligent driving af an auto-
mobile owned by the defendant, the Metz Company,
while being driven by an employee of that company in
the course of his employment.   Trial upon the merits

[1]Reported in 182 Pac. 614; 186 Pac. 327.

in the superior court for King county, sitting with a jury, resulted in a verdict in favor of the Metz Company, following which the court entered an order awarding Singer a new trial, upon his motion made in that behalf, which order was by the trial court, as stated therein, rested upon the ground of "error in the charge of the court to the jury upon the trial." The Metz Company has appealed from that order.

This is a second appeal in this case. Upon the first appeal, the court awarded Singer a new trial because of error committed by the trial court in the admission of certain evidence. Our decision upon that appeal appears in *Singer v. Metz Co.*, 101 Wash. 67, 171 Pac. 1032. The only question here presented calling for serious consideration is as to whether or not the trial court erred upon the second trial in instructing the jury touching the question of the burden of proof.

While the evidence was being introduced in Singer's behalf before his case was rested, it was admitted in the presence of the jury, in behalf of the Metz Company, that it was the owner of the automobile when it came into collision with Singer's motorcycle, which collision resulted in his injury, and that Helvey, the driver of the automobile, was then an employee of the Metz Company. No further evidence was introduced in Singer's behalf tending to show that Helvey was, at the time driving the automobile, in the course of his employment by the Metz Company; counsel for Singer relying alone upon these admitted facts and the presumption arising therefrom as being sufficient to carry the case to the jury upon the question of Helvey then acting in the course of his employment for the Metz Company. It appears from the testimony of Helvey given upon the trial in behalf of the Metz Company that he was in its employ as salesman of automobiles, and as such was authorized to drive

its automobiles in making demonstrations and showing the automobiles to prospective purchasers; that, on the day before the occurring of the injury to Singer, Helvey procured from the manager of the Metz Company the key to the room where this automobile was kept, telling the manager that he "wanted to make a demonstration"; that, at about 7 o'clock the next morning, he took the automobile, intending to go on a pleasure drive to Snoqualmie Falls and take with him his wife, his brother-in-law, and two lady friends of his brother-in-law; that soon thereafter he met his wife and brother-in-law on the street in Seattle, as had previously been arranged; that they then got into the automobile, when they drove along Fourth avenue towards the Young Women's Christian Association building to get the two lady friends; that, before reaching the Young Women's Christian Association building, the collision occurred between the automobile and respondent's motorcycle, resulting in Singer's injury, at about 7:30 o'clock in the morning; and that he did not intend to, and did not, on that day, demonstrate or exhibit the car to a prospective purchaser.

The trial judge used language in the beginning of his instructions to the jury defining the issues of fact to be decided, wherein we think he plainly assumed the fact that the automobile was owned by the Metz Company, the fact that the automobile, at the time respondent was injured, was being driven by Helvey, and the fact that Helvey was then an employee of the Metz Company. This was in harmony with admissions made during the trial before Singer's case was rested. We note these assumptions of fact by the trial court in the defining of the issues to be decided by the jury as negativing any thought that the jury would get the notion that there was any burden of proof upon respondent to establish them. Among other questions

stated by the court in its instructions to be decided by the jury was:

"Whether or not the driver of the automobile at the time of the alleged accident was engaged in the performance of the duties of agent of the defendant The Metz Company."

Touching the question of burden of proof, the trial judge instructed the jury as follows:

"The burden of proving negligence upon the part of the driver of the automobile, and also whether or not the defendant Helvey was the agent of the defendant The Metz Company, and was engaged in the business of the defendant, The Metz Company at the time of the alleged accident, is upon the plaintiff in order to fix liability upon the defendant The Metz Company, and before the plaintiff would be entitled to a verdict against the defendant The Metz Company, he must prove such negligence, and such agency by a fair preponderance of the evidence in the case." ·

Other instructions given were of the same import, in so far as they touched the question of burden of proof; but none of them came any nearer telling the jury that there was any burden resting upon Singer to establish by proof the admitted fact of ownership of the automobile, of Helvey driving the automobile at the time Singer was injured, or of Helvey being then an employee of the Metz Company.

Counsel for Singer argue, and the trial court in awarding him a new trial manifestly proceeded upon the theory, that these admissions made in behalf of the Metz Company removed the burden of proof from Singer as plaintiff, not only as to these admitted facts, but also as to the question of Helvey acting for the Metz Company in the course of his employment at the time in question, and that, therefore, the court fell into error in the giving of that and parts of other instructions of the same import touching the question

of burden of proof. We think it is plain, as already noticed, that these instructions, read as a whole, meant only that the burden of proof rested on respondent as to the question of whether or not Helvey was acting in the course of his employment for the Metz Company at the time in question. Counsel for Singer invoke the general rule that, in cases of this nature, the admission of ownership of the vehicle causing the damage, and the admission by the owner that the one driving it was at the time an employee of the owner, establishes a *prima facie* case against the owner in favor of the person suffering such damage, in so far as the question of the driver then acting in the course of his employment for the owner is concerned. Our attention is called to numerous decisions of this court announcing in substance this to be the law. The argument seems to be that, because of the establishing of a *prima facie* case in Singer's behalf by these admissions, in so far as we are concerned with the question of Helvey acting in the course of his employment for the Metz Company at the time in question, therefore the burden of proof as to that question was removed from respondent and put upon appellant. Now the making of a *prima facie* case by plaintiff does not of itself call for the final deciding of the case or of some controlling fact therein in favor of the plaintiff, but only calls for the submission of the case to the jury, if the case is being tried by a jury, and does not result in shifting the burden of proof from the plaintiff to the defendant as to any facts which are necessary to the sustaining of the plaintiff's right of recovery and not admitted by the defendant, though there be facts admitted by the defendant raising presumptions making a *prima facie* case for the plaintiff. In *Smith Sand & Gravel Co. v. Corbin,* 75 Wash. 635, 135 Pac. 472, we said:

"Some contention is made rested upon the alleged shifting of the burden of proof. It is said that the admission of the making of the contract on the part of respondent, in effect, constituted the making of a *prima facie* case against him; upon which counsel seem to argue that this resulted in shifting the burden of proof. We do not understand that the establishing of a *prima facie* case sufficient to go to the jury has the result of shifting the burden of proof. The jury are not necessarily bound to find for the plaintiff upon the making of a *prima facie* case. *Prima facie* case means only that the case has proceeded upon sufficient proof to that stage where it must be submitted to the jury, and not decided against the plaintiff as a matter of law. A *prima facie* case does not necessarily mean that judgment goes in favor of the plaintiff as a matter of law. The jury are still the judges of the sufficiency of the showing to call for a verdict in plaintiff's favor, and where there is no affirmative defense, strictly speaking, the jury are to measure plaintiff's rights, having in view that he has the burden of proof."

In *Sweeney v. Erving,* 228 U. S. 233, 240, Justice Pitney, speaking for the supreme court of the United States touching the presumption arising under the doctrine of *res ipsa loquitur,* said:

"In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff.

"Such, we think, is the view generally taken of the matter in well-considered judicial opinions.

"*Kay v. Metropolitan St. Ry. Co.*, 163 N. Y. 447, was an action by passenger against carrier, and the New York Court of Appeals said (p. 453): 'In the case at bar the plaintiff made out her cause of action *prima facie* by the aid of a legal presumption (referring to *res ipsa loquitur*), but when the proof was all in the burden of proof had not shifted, but was still upon the plaintiff . . . If the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty, the party who made that allegation should suffer, and not her adversary. The jury were bound to put the facts and circumstances proved by the defendant into the scale against the presumption upon which the plaintiff relied, and in determining the weight to be given to the former as against the latter, they were bound to apply the rule that the burden of proof was upon the plaintiff. If, on the whole, the scale did not preponderate in favor of the presumption and against defendant's proof, the plaintiff had not made out her case, since she had failed to meet and overcome the burden of proof.' "

In *Briglio v. Holt & Jeffery*, 85 Wash. 155, 147 Pac. 877, we adopted this view of the Federal supreme court touching the presumptions arising under the doctrine of *res ipsa loquitur* as affecting the burden of proof.

In 10 R. C. L. 897, the learned editors state the law applicable to situations such as are here involved, as follows:

"The term 'burden of proof' has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a *prima facie* case. Generally speaking, the burden of

proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails. This burden of proof never shifts during the course of a trial, but remains with him to the end.''

We conclude that the burden of proof in this case remained upon Singer, as plaintiff, until the conclusion of the trial, in so far as the question of Helvey acting in the course of his employment for the Metz Company while driving the automobile at the time it came in collision with respondent's motorcycle and caused the injury for which recovery is sought in this action is concerned; and this, we think, is all that the instructions touching the question of burden of proof meant or conveyed to the minds of the jurors, and that, therefore, the court did not err in the giving of such instructions.

But one other instruction was given by the trial court which was excepted to by counsel for Singer, but they do not now argue that such instruction was erroneous, and it seems quite clear to us that it was not erroneous. We are of the opinion, therefore, that, since the trial court awarded Singer a new trial because of what it conceived to be error in the instructions given and excepted to, which instructions we find were not erroneous, it fell into error in awarding a new trial upon that ground. The order awarding Singer a new trial must, therefore, be reversed and set aside, and the cause remanded to the trial court with direction to enter judgment in favor of the Metz Company in accordance with the verdict of the jury. It is so ordered.

In this case, as originally commenced, it appears that Singer sought recovery against Helvey as a defendant, as well as against the Metz Company. We note that the only verdict appearing in the record before us is in favor of the defendant the Metz Company, and that counsel upon both sides have presented the case here in their briefs as though the controversy was only one between Singer and the Metz Company. We have therefore ignored Helvey as a defendant in the case.

HOLCOMB, C. J., MOUNT, and FULLERTON, JJ., concur.

## ON REHEARING.

[*En Banc.*  December 17, 1919.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adhere to the opinion heretofore filed herein, and for the reasons there stated, the order awarding Singer a new trial is reversed and set aside, and the cause remanded to the trial court with direction to enter judgment in favor of the Metz Company in accordance with the verdict of the jury.